BARTHOLOMEW DEVANEY, Respondent, *v.* THE DEGNON-McLEAN CONSTRUCTION COMPANY, Appellant.

*Negligence — the duty of a master to light a place where dangerous work is being done at night — it is not performed by merely furnishing the materials therefor — evidence as to the manner in which such work is commonly performed.*

Where work, the performance of which is attended with danger to the workmen employed in doing the same, is required to be done at night, it is the duty of the master to supply the lights necessary to enable the workmen to perform their duty without other danger than such as is incident to the work.

This duty is an active one and it is not sufficient for the master to place materials for electric lights where they may be used at the command of the foreman.

While the master is not bound to perform the work in the manner in which other people commonly perform it, a workman who has sustained personal injuries in consequence of the alleged failure of the master to properly light the place in which the work was to be performed may, in an action against the master to recover for such injuries, be permitted to prove the ordinary method of doing work of the character in question and that the master was not doing the work

in the approved way, as it is proper for the jury to know the facts in order that it may determine whether the work was being carried on with a proper regard for the safety of the men employed.

APPEAL by the defendant, The Degnon-McLean Construction Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 14th day of April, 1900, upon the verdict of a jury, and also from an order entered in said clerk's office on the 18th day of July, 1900, denying the defendant's motion for a new trial made upon the minutes.

*L. Sidney Carrère,* for the appellant.

*George W. Roderick,* for the respondent.

WOODWARD, J. :

This action is brought by the plaintiff to recover damages sustained while in the employ of the defendant, in making an excavation for an anchorage for the New East River Bridge in the borough of Brooklyn. The questions presented are such as are commonly found in actions of this character, and involve questions of fact which were, upon a conflict of evidence, submitted to the jury in a charge which, we believe, carefully stated the law. The jury found in favor of the plaintiff, giving a verdict for $3,600, and the defendant appeals to this court.

The defendant urges that it was error for the court to refuse to charge the request of counsel, " that, if the jury believes that the defendant furnished an abundant number of lights, ample means and material for placing new lights, or repairing or shifting the lamps already in place, and a competent electrician, and that the lights and materials were available, the defendant is not liable for the lights, or any one of them, not being lighted, as it had fulfilled its full duty, and the lighting of the lamps would be a detail of the work and an act of a fellow-servant." One of the contentions of the plaintiff was that the work of excavation, which was being carried on in the night, was necessarily dangerous in the manner in which it was being done, and that there was an insufficient supply of light to enable the workmen to discover the premonitory signs of the overhanging bank falling upon them, and that he was injured by

the fall of earth, due to the fact that he could not see.   There is no doubt of the law upon this point; it is the duty of the master to afford the servant a reasonably safe place in which to work, considering the nature of the work to be performed, and it is the duty of the master to furnish reasonably safe tools and appliances.   This is an active duty, and it is not performed on the part of the master by placing materials for electric lights where they may be used at the command of the foreman, under the circumstances disclosed by the evidence in this case.   It is necessary, in the discharge of the duty of the master, where work is to be done in the night time, and where there is danger in the kind of labor to be performed, to supply the lights necessary to enable the workmen to perform their duties without other danger than such as is incident to the work, and the learned trial court properly refused the charge requested.

Again we are asked to hold that " The exception at folio 1269, comprising folio 1265 up to the exception at folio 1269," presents reversible error.   No clear and definite question is presented here. There is a dialogue between the court and counsel for defendant running through the greater part of five folios, and the court, so far as we are able to discover, has stated the law correctly in so far as any question was presented for determination, and it is no part of the duty of this court to be astute in discovering some error which has not been clearly called to the attention of the trial court. The main charge of the learned court had clearly presented the law of negligence as applied to this case, and the entangling requests to charge, with the exceptions called to our attention on this appeal, do not present a question for review.

The same remarks are equally applicable to " The exceptions taken at folios 1259 and 1260 and involving part of folio 1256, to the exception at folio 1260."

We are asked to hold that evidence of the condition or placement of lights after the accident was improperly admitted and constitutes reversible error.   While this would be true in the abstract, it is not the law as applied to the matters in evidence in this case, for in the case at bar the references to the lights and conditions after the accident were brought out by rebuttal evidence and by contradictions among the witnesses as to the time when the lights were in use, such for instance as that of plaintiff's witness, Mayer, that it

was not until the next night that he worked, after the night of the accident, that an arc electric light was placed on the end of the trestle which was nearest to South Fifth street. There does not appear to have been any effort to show that things were changed after the accident, but the changed conditions, where referred to, are merely for fixing the time of the accident and the conditions then existing.

We are of opinion that it was proper to permit the plaintiff to prove the ordinary method of doing work of the character of that in progress at the time of the accident, and that the defendant was not doing the work in the approved way; it had to do with the question of the negligence of the defendant, and while it was not bound to do the work as other people commonly do, it was proper for the jury to know the facts that it might determine whether the work was being carried on with a proper regard for the safety of the men employed.

The judgment and order appealed from should be affirmed, with costs.

GOODRICH, P. J., HIRSCHBERG and JENKS, JJ., concurred; BART-LETT, J., concurred in result.

Judgment and order unanimously affirmed, with costs.