(121 App. Div. 473.)

### MACKEY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—ACTIONS—EVIDENCE — ADMISSIBILITY.

In an action for personal injuries alleged to have been caused by the defective condition of a sidewalk, in that there was a depression due to the construction of a curb about 10 or 12 inches from the old curb, without sufficiently filling in the intervening space, evidence that this space was filled in shortly after the accident is inadmissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1737.]

Appeal from Trial Term, Queens County.

Action by John J. Mackey against the city of New York for personal injuries. From a judgment for plaintiff, and an order denying its motion for a new trial, defendant appeals. Judgment and order reversed, and new trial granted.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Theodore Connoly (Royal E. T. Riggs, on the brief), for appellant.
George F. Hickey (William E. Stewart, on the brief), for respondent.

MILLER, J. This is a sidewalk case. The defect complained of was a depression caused by the construction of a curb about 10 or 12 inches from the old curb, without sufficiently filling in the intervening space. The plaintiff was permitted to prove, over the specific objection that the evidence was irrelevant, that this space was filled in shortly after the accident. Such evidence in this class of cases has too frequently been condemned to require any discussion or citation of authorities now. As the judgment must be reversed for said error, it would be profitless to discuss the merits at this time.

I advise that the judgment and order be reversed.

Judgment and order reversed and new trial granted. Costs to abide the event. All concur.