### SCHULTZ v. BARBER ASPHALT PAVING CO.

(Supreme Court, Appellate Division, Second Department.  June 18, 1908.)

1. MASTER AND SERVANT—INJURY TO SERVANT—ACTIONS—PLEADING AND PROOF.
   An employé, alleging in the complaint in an action for personal injuries that while he was engaged at his work the employer and its servants so negligently and carelessly operated a hoisting apparatus that without negligence on his part he was injured by blocks falling on him, cannot recover on the ground of defects in the bucket used in the hoisting apparatus.
2. SAME—DEFECTIVE APPLIANCES—EVIDENCE OF REPAIRS—ADMISSIBILITY.
   In an action for injuries to a servant by defects in a hoisting apparatus, the admission of evidence that immediately following the accident a blacksmith in the employ of the employer was seen to repair the apparatus was reversible error.

Appeal from Queens County Court.

Action by Mike Schultz against the Barber Asphalt Paving Company.  From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Reversed, and new trial ordered.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Knowlton Durham, for appellant.
William A. De Groot, for respondent.

RICH, J.  In this action, which is brought to recover for personal injuries alleged to have been sustained through the negligence of the defendant, the sole allegation of the complaint as to such negligence is:

"(6) That while this plaintiff was so engaged the defendant, its agents, servants, or employés, so negligently and carelessly operated said hoisting apparatus that, without fault or negligence on his part, this plaintiff was struck upon the head and back by large and heavy falling chunks, or blocks, or portions of asphalt."

The plaintiff was working in the hold of a vessel, filling buckets or tubs with asphalt, which, when filled, were hoisted through the hatchway and dumped outside the vessel. There seems to have been two buckets connected with the hoisting apparatus, and while the one filled was being hoisted out of the hold the other was being filled by plaintiff. The record is barren of evidence showing any negligence on the part of those employed in operating the hoisting apparatus; but the learned trial court admitted evidence, over the defendant's objection and exception, tending to show that the accident happened because of the defective and unsafe condition of the bucket itself containing the asphalt. The jury were charged that the law "requires that an employer of labor shall engage competent supervision, competent and reasonable appliances, safe appliances; that is a duty that an employer owes to the employé, and if this defendant has failed in that duty, this last duty that I have mentioned, toward this plaintiff, and he himself was free from any negligence which contributed to his injuries," a recovery was justified. No duty had been mentioned by the learned trial justice in his charge until he made use of the language quoted, so that the "last duty" to which he referred was that of furnishing "safe appliances." In other words, the jury were instructed that if the defendant did not furnish safe appliances, if the injury was sustained because of the defective and unsafe condition of the bucket, the plaintiff, if free from negligence contributing to the accident, was entitled to their verdict. Counsel for the defendant, after excepting to this charge, asked the court to charge:

"That there is no failure alleged in the complaint to supply safe appliances, and no allegations in the complaint that there was any defective machinery, or buckets, and that, therefore, if the jury finds there was a defect, the plaintiff cannot recover in this case."

The request was declined, and the plaintiff excepted. The further request was made "to charge the jury that they must disregard all evidence introduced by the plaintiff of any defect in the bucket," which was refused, and an exception taken. These exceptions present reversible error. The plaintiff failed to establish the cause of action alleged, and has been permitted to recover upon one not alleged.

There is another reason why this judgment must be reversed. The trial court permitted evidence to be given, over defendant's objection and exception, that after the injury, and immediately following it, a blacksmith in defendant's employ was seen repairing the bucket. This evidence was the only proof made, aside from the happening of the accident itself, of any negligence on the part of defendant, and the only inference deducible from it was that the bucket in question was defective and unsafe at the time of the accident, and was immediately thereafter repaired and made safe. This class of evidence has been repeatedly condemned by the courts, and was so prejudicial of itself as to require a reversal. Burns v. Crow, 123 App. Div. 251, 107 N. Y. Supp. 944; Getty v. Town of Hamlin, 127 N. Y. 636, 27 N. E. 399; Clapper v. Town of Waterford, 131 N. Y. 382, 30 N. E. 240; Mackey v. City of New York, 121 App. Div. 473, 106 N. Y. Supp.

114; Wren v. Kennedy Valve Mfg. Co., 122 App. Div. 289, 106 N. Y. Supp. 710.

The judgment and order must be reversed, and a new trial ordered; costs to abide the event. All concur.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

