QUINN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   June 2, 1911.)

1. MUNICIPAL CORPORATIONS (§ 76S*)—TORTS—DEFECT IN SIDEWALKS.
    Where a path in an outlying district of the city, which runs along the side of the street, is of dirt and has never been graded or paved in any way, and which is not greatly used, a defect which might result in an accident, but which is not a defect of such dimensions as to make an accident probable, does not require the city to anticipate an accident and remedy the defect.
    [Ed. Note.—For other cases, see Municipal Corporations; Cent. Dig. §§ 1622–1625; Dec. Dig. § 76S.*]

2. MUNICIPAL CORPORATIONS (§ 821*)—TORTS—ACTION FOR INJURIES—QUESTION FOR JURY.
    Evidence in an action for personal injuries alleged to have been caused by a defect in a sidewalk or path held not to show such a defect as to justify a submission to the jury of the question of the defendant's negligence.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

3. MUNICIPAL CORPORATIONS (§ 821*)—TORTS—ACTION FOR INJURIES—EVIDENCE—CONTRIBUTORY NEGLIGENCE.
    Evidence in an action against a city for injuries alleged to have been caused by a defect in a path or sidewalk held to establish the plaintiff's contributory negligence and to require a directed verdict for defendant.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

4. MUNICIPAL CORPORATIONS (§ 818*)—TORTS—DEFECT IN STREET—EVIDENCE—SUBSEQUENT REPAIRS.
    In an action for injuries alleged to have been caused by a defective sidewalk, evidence that after plaintiff was injured repairs were made to the sidewalk at the place where he was injured is inadmissible.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1726–1738; Dec. Dig. § 818.*]

Appeal from Trial Term, New York County.

Action by John M. Quinn, an infant, by guardian, against the City of New York.   From a judgment entered on a verdict, defendant appeals.   Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Loyal Leale, for appellant.

Frank Herwig, for respondent.

McLAUGHLIN, J.   The plaintiff, about 4 o'clock in the afternoon on the 18th of July, 1908, while running along a path which extended

by the side of Twentieth street between Seventh and Eighth avenues, at Whitestone, in the borough of Queens, was thrown to the ground, by his foot coming in contact with a root which extended across the path, and fractured a bone in one of his arms. This action was brought to recover the damages alleged to have been sustained, on the ground that the same were due to the city's negligence. He had a verdict, upon which judgment was entered, and the defendant appeals from it and an order denying a motion for a new trial.

Whitestone was annexed to and became a part of the city of New York on January 1, 1898. The path where the accident occurred was of dirt, and it had never been graded, paved, or curbed in any way. On one side of it was a row of trees, and on the other a hedge. It was, at most, in a very crude condition; one of plaintiff's witnesses testifying that, instead of going upon it, he walked in the middle of the street, and that is what most of the people did there. At the time the plaintiff was injured he was nearly nine years of age, and so far as appears was as intelligent as the ordinary boy of that age. It was a clear day, and he was entirely familiar with the condition of the path, having passed over it each day for several years. He had previously seen the root, and knew where it was located. He testified:

"I had passed over it a good many times before. The sidewalk there was mostly all full of roots. It was a dirt sidewalk."

[1] The path at most was a temporary one, which travelers used for their own convenience; most of them going instead in the middle of the street. Such paths are not uncommon in outlying districts, and the city, by annexing that territory, did not assume an obligation to at once put the path in as good condition for public travel as sidewalks in the main part of the city. Such a defect in the path as the plaintiff complains of might, as in this case, result in an accident; but it was not a defect of such dimensions or character as to make an accident probable. Henry v. City of New York, 119 App. Div. 432, 104 N. Y. Supp. 440.

[2, 3] I am of the opinion that the evidence did not show such defect in the path as to justify a submission to the jury of the question of defendant's negligence, and, if it did, then the same evidence establishes the plaintiff's own negligence, and the complaint should have been dismissed at the close of plaintiff's case, or at the conclusion of the whole case a verdict directed for defendant.

[4] The judgment must also be reversed for an error committed in the admission of evidence. One of plaintiff's witnesses was permitted to testify, against defendant's objection and exception, that between the time plaintiff was injured and the following September repairs were made to the street by filling in at the place where the plaintiff fell. Such evidence in this class of cases has so frequently been condemned it is hardly necessary to cite authorities; but see Mackey v. City of New York, 121 App. Div. 473, 106 N. Y. Supp. 114.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.