(173 App. Div. 144)

### LAWRENCE SON & GERRISH, Inc., v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.  June 2, 1916.)

1. MUNICIPAL CORPORATIONS  ⬿845(4)—DEFECTIVE SEWERS—ACTIONS—EVIDENCE.

In an action against a city for damage to goods by flooding of a basement, alleged to have been caused by a defective sewer, statement of complaint made, written reports of a city official, and testimony of a witness relating to the condition of the sewer nearly a year subsequent to the time of the damage were inadmissible, as too remote, since the conditions then observed might have arisen subsequent to the event, or have been caused by it.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1799; Dec. Dig. ⬿845(4).]

2. MUNICIPAL CORPORATIONS  ⬿845(4)—DEFECTIVE SEWERS—ACTIONS—EVIDENCE.

In an action against a city for damage to goods by flooding of a basement, alleged to have been caused by defective sewer, knowledge on the part of the city of the defective condition subsequent to the damage is immaterial.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1799; Dec. Dig. ⬿845(4).]

3. MUNICIPAL CORPORATIONS  ⬿845(4)—DEFECTIVE SEWERS—ACTIONS—EVIDENCE—SUBSEQUENT REPAIRS.

In an action against a city for damage to goods by flooding of a basement, alleged to have been caused by a defective sewer, portion of a letter written by a city official, being proof of subsequent repairs, was inadmissible.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1799; Dec. Dig. ⬿845(4).]

Appeal from Supreme Court, Trial Term, New York County.

Action by Lawrence Son & Gerrish, Incorporated, against the City of New York. From a judgment for plaintiff for $4,662.87, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and PAGE, JJ.

Charles J. Nehrbas, of New York City, for appellant.
William J. Martin, of New York City, for respondent.

SMITH, J. This action is brought to recover for damages to certain goods stored in the basement of a warehouse situated on the corner of Market and South streets, occasioned by the flooding of the basement during a rainstorm on July 21, 1912. It is claimed that the flooding was caused by the defective construction and negligent care of the sewer connections at this point. The jury found a verdict for the plaintiff under a charge of the court which laid down proper rules of law for its guidance and to which no exceptions of a substantial nature were taken.

It is claimed, however, by the defendant, that error was committed in the admission of certain testimony offered on the question of the condition of the sewer and as to the existence of notice to the defendant of that condition.

[1] Plaintiff's witness De Berard was allowed to testify that in July, 1913, in his capacity of director of research for the Merchants' Association of New York, he had complained in writing of the sewer conditions at the point in question, and that in the fall of that year he had had a conference with Mr. Graham, who was then chief engineer of sewers, at which Mr. Graham stated that an investigation of conditions had been made, that it was found the sewers were defective, that they were not sufficient for the work they were called on to do, and that he was perfecting plans for their correction. A letter, dated August 9, 1912, from Public Works Commissioner Frothingham to Secretary of Department of Works and Ferries Harrington was allowed in evidence, part of which read:

"Referring to your letter of August 2d, * * * I desire to say that the sewer basin at the northwest corner of Market Slip and South street has been reconstructed; in this basin there is a 16-inch pipe overflow connection, which extended out through the old curb bulkhead. When your department constructed the new bulkhead wall, the pipe was not carried out through it. * * *"

Part of a report dated May 2, 1913, from Assistant Engineer Stewart to Deputy Chief Engineer Hoag, was admitted in evidence as follows:

"I would call your attention to the fact that the wooden box sewer in the marginal street is somewhat dilapidated."

Plaintiff's witness Cleverton was allowed to testify that in May, 1913, he found that the walls of the box sewer were "rotted to some extent, but not broken in," and a sketch by him of the sewer, indicating certain places as "wooden box sewer, dilapidated box sewer," was admitted in evidence.

The statements of Graham, the report of Stewart, and the testimony of Cleverton all related the condition of the sewer nearly a year subsequent to the time of the damage, and seem clearly too remote to be admissible as evidence of the condition of the sewer at the time of the damage, since the conditions then observed may well have arisen subsequent to the event, or have been caused by it.

[2] The court below seemed to think these statements by the officers admissible to show knowledge on the part of the city. They showed no more than knowledge subsequent to the damage, which is, of course, immaterial. Donnelly v. Younglove Co., 140 App. Div. 846, 125 N. Y. Supp. 689; Walsh v. Carter Co., 126 App. Div. 229, 110 N. Y. Supp. 523.

[3] The Frothingham letter refers to a reconstruction of the sewer after the accident, and, although a portion of the letter was relevant as to another point, to let in that part of the letter was error, as being proof of subsequent repairs. Loughlin v. Brassil, 187 N. Y. 128, 134, 79 N. E. 854; Mackey v. City, 121 App. Div. 473, 106 N. Y. Supp. 114; Quinn v. City, 145 App. Div. 195, 129 N. Y. Supp. 1028.

For the errors outlined in the conduct of the trial, the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event. All concur.