CHARLOTTE MURPHY, an Infant, by HELEN C. MURPHY, Her Guardian ad Litem, Respondent, *v.* PATRICK McMAHON, Appellant.

First Department, November 9, 1917.

Landlord and tenant — negligence of landlord in failing to keep carpet on stairway of apartment house in proper repair — evidence — testimony as to the condition of carpet and repairs made after accident incompetent — objection to testimony read from record of former trial.

Where in an action by an infant to recover for personal injuries sustained through the alleged negligence of the defendant, the owner of an apartment house, in failing to keep the carpet on the stairway leading from the second floor to the ground floor in a proper state of repair, there is a sharp conflict in the evidence presenting a close question of fact on the issue with respect to defendant's negligence, it is error to permit the

plaintiff to read a part of the testimony on a former trial of defendant's janitress as to a second inspection of the carpet made by her more than an hour after the accident, and after the first inspection, to the effect that she saw the top step carpet had been pulled up and that she nailed a piece of carpet over the front of the step and tacked it down, there being no evidence that the condition of the carpet at the time of the second inspection was the same as at the time of the first.

Under the provisions of section 830 of the Code of Civil Procedure, testimony so read is to be regarded as if given by the witness at the trial and is subject to any objection that may be taken at the time it is so read.

It was also error to require the defendant to answer on cross-examination, over objection and exception that it was incompetent and immaterial, that two or three hours after the accident and after the time of his inspection, a strip of carpet was nailed across the step by direction of his son.

APPEAL by the defendant, Patrick McMahon, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of February, 1917, upon the verdict of a jury for $3,500, and also from an order entered in said clerk's office on the 20th day of February, 1917, denying defendant's motion for a new trial made upon the minutes.

*Edward F. Lindsay*, for the appellant.

*Bernard Braun* [*L. F. Fish* with him on the brief], for the respondent.

LAUGHLIN, J.:

The defendant was the owner of an apartment house known as No. 452 West Fifty-seventh street; and the infant plaintiff resided with her mother in an apartment on the second floor of the building. The action was brought to recover for personal injuries sustained by the infant through the alleged negligence of the defendant in failing to keep the carpet on the stairway leading from the second floor to the ground floor of the apartment house in a proper state of repair.

According to the evidence introduced in behalf of the plaintiff the carpet on the upper step of the stairway, which was level with the second floor, had been worn to threads, leaving a hole or opening about six inches wide and one foot in length along the step, and leaving the carpet below and between the upper and next lower step in a loose or baggy

condition; and at about twenty minutes of ten o'clock on the morning of the 24th of May, 1914, the plaintiff, who was on her way to church, caught her right heel in this opening and was precipitated half-way down the stairs to a landing, and rendered unconscious and was carried back to her mother's apartment. On behalf of the plaintiff she and four witnesses, all members of her family, testified that the carpet was in this condition and had been so for a considerable period of time; and some of them testified that the condition had been brought to the attention of the janitress of the defendant. On behalf of the defendant a greater number of witnesses, many of whom were disinterested, gave testimony tending to show that there was no hole in the carpet and that it was in a proper state of repair at the time of the accident. There was, therefore, a sharp conflict in the evidence presenting a close question of fact on the issue with respect to defendant's negligence.

There was a former trial of the issues upon which the janitress in the employ of the defendant at the time of the accident testified as a witness in his behalf. At the time of this trial she was absent from the State and the defendant read part of her direct examination on the former trial, showing that immediately after hearing of the accident and about ten minutes before ten o'clock she and the owner's son examined the carpet on this flight of stairs and found no hole in it, and saw no loose, torn or ragged carpet and " found nothing the matter with " it. On the former trial she had been asked on direct examination concerning *another* inspection of the carpet about eleven o'clock, or an hour and ten minutes later, accompanied by the same son of the owner, and had testified that at that time she " saw that the top step carpet had been pulled up, or pulled from the step of the stairs with something there blunt, it didn't seem cut, but it was pulled; " and that this was on the right-hand side of the top step as you came down stairs; and that by direction of the defendant's son she then nailed a piece of carpet over the front of the step and tacked it down. On the trial now under review defendant's counsel did not read this part of the testimony of the janitress, but counsel for plaintiff was permitted to read it, over objection and exception duly taken by the defendant both upon the ground that it showed the condition

of the carpet over an hour after the accident *and repairs made thereto* after the accident and was, therefore, immaterial and incompetent.

It appeared that the owner had two sons, John F. and James; and that both of them were witnesses on the first trial. John testified on this trial before the former testimony of the janitress was read, but James was not called. The janitress did not specify which of the owner's sons accompanied her on the two inspections otherwise than by saying that the same son was with her on the occasion of the second inspection. John testified that on hearing of the accident he inspected the carpet at about nine-fifty A. M. the same day, but he did not say and was not asked whether the janitress accompanied him. He said that there was no rip, tear or hole in the carpet at the time he inspected it; and he was not asked about any subsequent inspection.

Counsel for plaintiff contends that it was competent for him to read any of the testimony given by the janitress on the first trial and particularly that given on direct examination; but in that he is in error, for by express provision of section 830 of the Code of Civil Procedure testimony so read is to be regarded as if given by the witness on the stand at the trial and is subject to any objection that may be taken at the time it is so read. (See, also, *Pratt, Hurst & Co., Ltd.,* v. *Tailer,* 135 App. Div. 1.) Counsel for plaintiff also relies upon authorities holding that *conditions* existing at the time of an accident may be inferred from testimony with respect to the conditions as found shortly thereafter where there is evidence from which it may be fairly inferred that no change has taken place between the time of the accident and the time to which the testimony relates. (See *Gray* v. *Siegel-Cooper Co.,* 187 N. Y. 376; *Devaney* v. *Degnon-McLean Const. Co.,* 79 App. Div. 62; *Starer* v. *Stern,* 100 id. 393; *Arras* v. *Standard Plaster Co.,* 121 id. 61.) In the case at bar, however, there was no evidence that the condition of the carpet at the time of the second inspection by the janitress was the same as at the time of her first inspection, and it would seem from her testimony that it was not. The injured girl had been carried back up the stairway and if a hole, rip or tear had been seen therein, it may well be that the carpet would have been

pulled up to avoid another accident and would have then presented the appearance described by the janitress at the time of her second inspection. Moreover, if it could be said that her testimony with respect to the conditions found upon the second inspection tended to contradict her testimony with respect to the condition of the carpet at the time of the first inspection, still the further serious objection to this testimony is that it showed *repairs*, which was a recognition of the negligent condition charged; and under the well-settled rule such evidence was not competent. (*Getty* v. *Town of Hamlin*, 127 N. Y. 636; *Quinn* v. *City of New York*, 145 App. Div. 195; *Causa* v. *Kenny*, 156 id. 134.) A further attempt is made to sustain the ruling of the learned trial court in receiving this evidence on the theory that it tends to contradict the testimony given by the defendant himself. The defendant, however, had not testified at the time this evidence was received and, furthermore, it does not tend to contradict the testimony which he subsequently gave. He testified that he inspected the carpet about ten or eleven o'clock that morning and that it was then in good condition and that there was no rip, tear or hole in it. Moreover, the court erred in requiring defendant to answer on cross-examination, over objection and exception duly taken that it was incompetent, irrelevant and immaterial, that two or three hours after the accident and after the time of his inspection a strip of carpet was nailed across the step by direction of his son. That evidence was likewise incompetent for the reason already assigned. It cannot be said that this incompetent evidence was not prejudicial to the defendant and that it did not influence the jury in determining the question of fact with respect to the condition of the carpet at the time of the accident and prior thereto upon which the negligence with which defendant was charged depended.

It follows, therefore, that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

SCOTT, SMITH, PAGE and DAVIS, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.