EMANUEL HADGES, Respondent, *v.* NEW YORK RAPID TRANSIT CORPORATION, Appellant.

First Department, March 15, 1940.

*Andrew F. Van Thun, Jr.*, of counsel [*W. Harry Sefton*, attorney], for the appellant.

*Benjamin H. Siff* of counsel [*Charles A. Jacobs*, attorney], for the respondent.

COHN, J. We think that the trial court committed prejudicial error in receiving in evidence the photograph of the stairway, plaintiff's Exhibit 12. There is no proof that the exhibit was in fact a photograph of the stairway on which plaintiff claims to have fallen. An examination of the record does not sustain respondent's contention that appellant's witness (the porter) sufficiently identi-

fied the photograph to warrant its admission. Moreover, assuming that the photograph had been properly identified, its admission was improper because it was introduced for the palpable purpose of showing repairs to the stairway after the happening of the accident. In *Causa* v. *Kenny* (156 App. Div. 134, at pp. 137, 138) this court said: " The rule is thoroughly settled and well understood that changes or repairs made in an appliance, structure or machine which caused an accident is not an admission of negligence in having maintained the appliance, structure or machine in its former condition. (*Corcoran* v. *Village of Peekskill*, 108 N. Y. 151; *Getty* v. *Town of Hamlin*, 127 id. 636; *Dougan* v. *Champlain Transportation Co.*, 56 id. 1.) " (See, also, *Cahill* v. *Kleinberg*, 233 N. Y. 255, 260; *Murphy* v. *McMahon*, 179 App. Div. 837, 841; *Amsler* v. *City of New York*, 172 id. 63, 67.)

Though, presumably, the exhibit was offered by respondent for the purpose of impeaching the credibility of the subway porter and though the trial court charged the jury at respondent's request, " that the question of subsequent repairs, as developed in this case, is important to the jury from the point of view of the credibility of the witnesses produced by the defendant," the testimony with respect to the exhibit, and comment made concerning it in the summation of respondent's counsel which the court declined to direct the jury to disregard, establish that the purpose of its introduction was to convince the jury of appellant's negligence in maintaining a defective stairway because subsequent repairs had been made thereto.

For the foregoing reasons the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.