MARIE DANIELSON, Respondent, v. CITY OF NEW YORK, Appellant and Third-Party Plaintiff-Respondent. MAC ASPHALT CONSTRUCTION CORP., Third-Party Defendant-Appellant.

*Per Curiam.* Plaintiff recovered a verdict for $35,000 damages in an action for personal injuries suffered as the result of a fall on the sidewalk in front of premises 610 Riverside Drive, New York City, on August 18, 1951. Her action was against the City of New York, which asserted a cross claim against Mac Asphalt Construction Corp., a contractor engaged by the city to repair the street and reset the curbstones in front of the premises. The city claimed that any defect in the sidewalk had been caused by the acts of the contractor impleaded as a third-party defendant.

The evidence disclosed that the contractor had ceased work in the vicinity between June and September, 1951, and that the resetting of the curb in that locale had been completed on or about May 10, 1951.

Defendant city introduced, on cross-examination of plaintiff's witness, evidence as to work done by the contractor in November, 1951, several months after the accident, in restoring part of the sidewalk. The evidence was received over the objection of the contractor. The portion of the sidewalk restored by the contractor was near the curb, whereas the accident occurred near the stoop line, and at least eight feet of sidewalk separated the points involved. The trial court indicated its belief that the fact that the contractor made some repairs might be an admission against interest on the subject as to what it had to do with the accident. It said, in effect, that from the evidence the jury could draw its conclusions as to where the fault for the broken sidewalk would lie. We deem that the admission of this proof, and the statements by the court as to its probative force, constituted error.

Proof of repairs after an occurrence may not be received to show negligence, or as an admission of negligence (*Cahill* v. *Kleinberg,* 233 N. Y. 255, 259; *Hadges* v. *New York R. T. Corp.,* 259 App. Div. 154; *Causa* v. *Kenny,* 156 App. Div. 134).

The question of control of the sidewalk was not in dispute, nor was the evidence offered for the purpose of showing a practical construction of the indemnity clause in the contract between the city and its contractor.

The remarks of the court might have indicated to the jury that they could consider the testimony as to what had been done in connection with the restoration work as proof as to how the sidewalk was broken.

Under these circumstances, we find that the judgment, insofar as the recovery over against the contractor is concerned, should be reversed and a new trial ordered on this phase of the case.

Insofar as the city has been held liable, we find no sufficient basis for reversing the judgment in plaintiff's favor. We do find, however, that the amount of damages awarded to plaintiff was excessive and should be reduced to $20,000.

The judgment appealed from should be reversed and a new trial ordered, unless the plaintiff stipulates to reduce the verdict to $20,000, in which event the judgment, as modified, is affirmed on defendant-appellant's appeal, and a new trial ordered as to the cross claim. Settle order.

Dore, J. P., Cohn, Callahan, Bastow and Botein, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants, unless the plaintiff stipulates to reduce the verdict to $20,000 in which event the judgment, as so modified, is affirmed, without costs, on defendant-appellant's appeal and a new trial ordered as to the cross claim. Settle order on notice.