■ MARTIN BELLONE, Appellant, v. SEAS SHIPPING CO., INC., Respondent.— In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County, entered January 15, 1962 after a jury trial, in favor of the defendant, dismissing the complaint on the merits at the end of the plaintiff's case. Judgment affirmed, without costs. While working on defendant's pier, plaintiff, a foreman employed by a stevedore conducting stevedoring operations on the pier, was intentionally struck and severely injured by an automobile driven by one Grillo, a disgruntled former fellow-employee with well-known violent propensities, who had eluded the defendant's security guards. It appears that three months prior thereto, plaintiff's assailant (Grillo) had been discharged after an altercation; that, on the day following the discharge, Grillo had threatened to " get " the plaintiff; and that the defendant, being aware of these facts and circumstances, had then assured plaintiff that Grillo would never again be permitted to come upon the pier. In our opinion, the complaint was properly dismissed. In view of the lapse of three months, and under all the other circumstances here presented, we agree with the Trial Justice that plaintiff failed to prove neglect on the part of the defendant either to take reasonable steps to bar the assailant from its pier or to otherwise act with regard to plaintiff's safety (cf. *Schuster* v. *City of New York*, 5 N Y 2d 75; *Abbott* v. *New York Pub. Lib.*, 263 App. Div. 314; *Neering* v. *Illinois Cent. R. R. Co.*, 383 Ill. 366). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ LORETTA DEL RICCIO, Respondent, v. MONTWILL CORPORATION et al., Appellants.— In an action to recover damages for personal injuries sustained by plaintiff, a patient in defendants' hospital, when she allegedly fell out of bed because of defendants' negligence in failing to place sideboards thereon, defendants appeal from a judgment of the Supreme Court, Kings County, entered November 27, 1961 on the verdict of a jury in plaintiff's favor, after trial. Judgment reversed, on the law and a new trial granted, with costs to abide the event. In our opinion prejudicial error was committed in the receipt, over defendants' objection, of evidence that immediately after the accident sideboards were placed on plaintiff's bed. The necessity for such siderails was one of the principal questions in issue; and the testimony as to the subsequent change of conditions was inadmissible as proof of defendants' negligence in not having taken the precautions *prior* to the accident (cf. *Corcoran* v. *Village of Peekskill*, 108 N. Y. 151; *Hadges* v. *New York R. T. Corp.*, 259 App. Div. 154; *Danielson* v. *City of New York*, 283 App. Div. 1019). The evidence was not admissible as part of the *res gestae* (cf. *Waldele* v. *New York Cent. & Hudson Riv. R. R. Co.*, 95 N. Y. 274, 278); nor did it serve to contradict or rebut any testimony as to conditions existing at the time of the accident (cf. *Bush* v. *Delaware, Lackawanna & Western R. R. Co.*, 166 N. Y. 210, 216). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.