FIRST DEPARTMENT, FEBRUARY, 1972

(February 3, 1972)

■ JOSEPHINE BARONE, Individually and as Administratrix of the Estate of FRED BARONE, Deceased, Respondent, v. 111 EAST 39TH STREET CORP. et al., Appellants.— Interlocutory judgment, Supreme Court, New York County, entered on June 2, 1971, reversed, on the law, and vacated, and the case remanded for a new trial, with costs and disbursements to abide the event. In this closely contested action for personal injuries the issue was whether the replacement of a broken window sash chain was made in a negligent manner. The issue was further narrowed as to whether or not the stripping was replaced flush with the window or some inches away. Plaintiff volunteered the information that after the accident the stripping was properly placed. This was vigorously denied. While the court struck this testimony and admonished the jury to disregard it as evidence of a subsequent repair (*Hadges* v. *New York R. T. Corp.*, 259 App. Div. 154), the prejudice was compounded by the use of photographs taken years after the event and initially allowed by the court for the limited purpose of showing the general position of the window. One of these photographs was later used by plaintiff to corroborate her claim that the position of the stripping had been changed. The court, recognizing the prejudicial character of this testimony, while denying a motion for a mistrial warned plaintiff's counsel that the prejudicial effect of the volunteered information might well be deemed incurable, as it was. Concur — Murphy, McNally, Steuer and Tilzer, JJ.; McGivern, J. P., dissents in the following memorandum: The question before us is not ultimate negligence, but whether or not the Trial Judge was free from prejudicial error. The issue of liability only was passed upon by the jury, in this split trial, and so we have no question of excessive damages. When the picture was offered, the Judge repeatedly tried to sanitize the reference to subsequent conditions, and over and over again attempted to insulate the defendant from possible prejudicial error, to which endeavor defendant's attorney took no exception. The most conscientious of Judges could have done no more, in order to avoid a retrial of a simple negligence question. Further, in my view, the Judge did not warn plaintiff's counsel that the prejudicial effect of the volunteered information might well be deemed incurable. In the first place, the error was not incurable. And the court did cure it. What occurred was the following: " THE COURT: And I am going to exercise my discretion in your favor and deny the application for a mistrial and instruct the jury to disregard the evidence that was taken and the statements made by Mrs. Barone with respect to any subsequent work done by Mr. Leon. I am of the opinion that this would be sufficient to remove any damage that has been done. I can't guarantee that an appellate court would agree with that but this is my position. MR. SILK: I have checked the law on that and I have an appellate decision squarely in point. THE COURT: All right. Bring in the jury." And there were no exceptions, either to this passage or to the Judge's final charge. (See *Brown* v. *Du Frey*, 1 N Y 2d 190; *Kluttz* v. *Citron*, 2 N Y 2d 379, 383, 384.) Nor did defendant's attorney make any request. Nor did he argue prejudice on the motion to set aside the verdict. All he said was: " I move to set aside the verdict on the ground set forth in 444 [sic] of the C.P.L.R.". Indeed, when the picture was offered into evidence, he but laconically said: " I register the same objection ". And since the record does not support a conclusion of ulterior purpose on the part of the plaintiff's attorney, I cannot find any abuse of discretion on the part of the Trial Judge — and that is the only issue before us. (*Croff* v.

*Kearns*, 29 A D 2d 703.) If error there was, it was of a most exiguous type. It was not of the gross variety, resulting in an unfair trial, and certainly does not justify a new trial in a day of overcrowded calendars. It was rectified by the Trial Judge, and since no substantial right of the defendant was prejudiced, the interlocutory judgment in this split trial should be affirmed. (*Hand* v. *Penn Cent. Transp. Co.*, 35 A D 2d 942, affd. 29 N Y 2d 911.) Lastly, the sole case cited by the majority, to wit, *Hadges* v. *New York R. T. Corp.* (259 App. Div. 154, 155) rested on a different determination and is not apt here. In that case, the appellate court held the photograph "was introduced for the palpable purpose of showing repairs to the stairway after the happening of the accident". The record before us would support no such holding. Inadvertance perhaps, but not "palpable purpose", as the fact of subsequent repairs was *educed by defendants' counsel on cross-examination.* And, in addition, plaintiff's counsel, in the *Hadges* case (*supra*) commented on the subject during summation, an impropriety the trial court declined to correct. Not so here.