opinion of the court
Nicholas A. Clemente, J.
At 9:00. p.m. on November 20,1981, plaintiff was shot in the head while a passenger in the elevator of the building located at 2701 Ocean Avenue, where he resided as a tenant.
Subsequently, plaintiff commenced this action against the landlord, inter alia, alleging that his injuries resulted from the negligence of the landlord in maintaining the front door and lock of the premises.
Plaintiff now moves for an order compelling the defendant to furnish copies of repair records for repairs made to the door of the premises within one week after the November 20, 1981 occurrence. Plaintiff contends that he seeks these records in order to determine who made the repair and when the request was made. Plaintiff maintains further that if the request was made before November 20, 1981, it would constitute not only discoverable but admissible evidence of notice and knowledge of a dangerous condition.
The defendant opposes the application contending that all records of subsequent repairs are not discoverable, relying upon Klatz v Armor Elevator Co. (93 AD2d 633). There, the plaintiff was injured when the elevator he was *35 riding in fell two stories. During disclosure proceedings he sought service records in connection with the elevator for a one-year period subsequent to the date of the accident. In denying plaintiff access to such records, the Appellate Division stated at page 637: “The cases are legion in holding that evidence of subsequent repairs is not discoverable or admissible in a negligence case (Corcoran v Village of Peekskill, 108 NY 151; Getty v Town of Hamlin, 127 NY 636, supra; Clapper v Town of Waterford, 131 NY 382; Cahill v Kleinberg, 233 NY 255; Scudero v Campbell, 288 NY 328; Croff v Kearns, 29 AD2d 703, affd 22 NY2d 718, supra; Barone v 111 East 39th St. Corp., 38 AD2d 797; Carollo v Rose, 43 AD2d 831). Evidence of subsequent repairs may be admissible if an issue of control and maintenance exists (Scudero v Campbell, supra; Olivia v Gouze, 285 App Div 762, affd 1 NY2d 811)”.
It is apparent that the court in that case adhered to the general principle because the exceptions of control and maintenance to the subsequent repair rule did not appertain therein.*
When one considers the time lag between the giving of a repair order and its execution, especially in a multiple dwelling where reliance is often upon independent artisans, it becomes eminently fair that plaintiff should receive the repair records he seeks since if they show that the repair request was made before the shooting, such evidence would be admissible. Thus, it follows that there is another exception to the rule against the discoverability of subsequent repairs, namely, that where the record sought is so obviously limited in scope that it seeks merely to ascertain whether a repair request was made prior to the accident, it is discoverable on the issue of prior notice of the dangerous condition.
The basis for precluding evidence of subsequent repair at trial is well grounded in logic. As stated in Corcoran v Village of Peekskill (108 NY 151, 155, supra): “[S]uch evidence does not tend to prove that the party sued knew, or was bound to know, that the machine or structure was *36 imperfect, unsafe or out of repair. After an accident has happened it is ordinarily easy to see how it could have been avoided; and then for the first time it frequently happens that the owner receives his first intimation of the defective or dangerous condition of the machine or structure which caused or led to the accident. Such evidence has no tendency whatever, we think, to show that the machine or structure was not previously in a reasonably safe and perfect condition, or that the defendant ought, in the exercise of reasonable care and diligence, to have made it more perfect, safe and secure. While such evidence has no legitimate bearing upon the defendant’s negligence or knowledge, its natural tendency is undoubtedly to prejudice and influence the minds of the jury. Hence in this court, and generally in the Supreme Court, it has been held erroneous to receive such evidence”.
This reasoning has no application at bar. Firstly, the matter involves the disclosure of evidence rather than its admissibility. Secondly, disclosure may lead to admissible evidence. Thirdly, it is clear that if a repair was made subsequently, the trial court should not permit the admission of such evidence but merely evidence of a request if any for repair prior to the accident.
There has been another reason posited for precluding evidence of subsequent repairs. To permit admission of such evidence might discourage defendants from repairing dangerous conditions in order to avoid generating evidence against themselves (Caprara v Chrysler Corp., supra, p 122). Again, this reasoning is inapplicable herein. The only evidence that may be admitted at trial is that which occurred prior to the accident. Hence, it can hardly lead to discouraging repairs of dangerous conditions since we are ultimately dealing with a request made before any incident occurred.
Accordingly, the motion is granted and defendant shall turn over the repair records for one week after November 20,1981, with the condition that its sole use at trial may be only to show that a repair request was made prior to November 20, 1981.

 In Caprara v Chrysler Corp. (52 NY2d 114,122) the court points to the exceptions to the subsequent repair record as being where the evidence is offered to show “control, impeachment or feasibility of precautionary measures”.