SAMUEL D. HOYT, Respondent, *v.* THE NEW YORK, LAKE
ERIE AND WESTERN RAILROAD COMPANY, Appellant.

In an action to recover damages for personal injuries sustained by plain-
tiff, in being thrown from a loaded wagon, the hind wheel of which
ran into a hole at a crossing on defendant's road, which the complaint
alleged was caused by its negligence; defendant claimed that a defect in
the wagon caused, or contributed, to the injury. It attempted to show
that, in consequence of the alleged defect, in turning the wagon with a
load upon it the next day after the accident it came near upsetting; this
was excluded. *Held,* error.

The court, in its charge, stated to the jury " that they were not to under-
stand that contributory negligence means any error of judgment," and
that " mere error of judgment as to what particular part of the crossing
he would drive this loaded wagon over could not be called negligence."
*Held,* error ; that the judgment required to be exercised is that of a man
of ordinary prudence, and the charge should have been limited to an
error of judgment such a man might have fallen into.

(Argued October 22, 1889 ; decided January 31, 1890.)

APPEAL from judgment of the General Term of the
Supreme Court in the second judicial department, entered
upon an order made December 14, 1886, which affirmed a
judgment in favor of plaintiff, entered upon a verdict and
affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries
alleged to have been caused by defendant's negligence.

The complaint alleged, among other things, that on the
17th day of October, 1883, while the plaintiff was traveling
in a careful and prudent manner with his team, wagon and a
load of straw thereon, along one of the streets in the village
of Middletown, and upon the crossing of the defendant's rail-

road over said street, the hind wheel of plaintiff's wagon was forced into a hole in said street, at the side of the planking of said crossing outside the rails of the defendant's road, which hole was caused by defendant's neglect, and that in consequence of the hind wheel of the wagon going into said hole, the load of straw, carrying plaintiff with it, was tipped off said wagon and the plaintiff was injured.

With other allegations, the defendant's answer denied the defendant's negligence, and alleges the plaintiff's negligence caused or contributed to plaintiff's injury.

*Lewis E. Carr* for appellant. It was error to reject the evidence offered by the defendant to show that the village of Middletown had, through its proper officers, always, prior to the time of this accident, kept the street in repair up to the edge and level of the plank outside of the outer rail of the railroad track. (*Requa* v. *City of Rochester,* 45 N. Y. 129, 135; *Pomfrey* v. *Village of Saratoga Springs,* 104 id. 459, 465; *Seaman* v. *Mayor, etc.,* 80 id. 239, 242, 243; *Masterson* v. *Village of Mount Vernon,,* 58 id. 391; *Carpenter* v. *City of Cohoes,* 81 id. 21; *Lowery* v. *R. R. Co.,* 76 id. 28, 32; *Wooley* v. *Grand St. R. R. Co.,* 83 id. 121, 127; Laws of 1850, chap. 140, § 28; Laws of 1880, chap. 133; 3 R. S. [8th ed.], 1751; Laws of 1832, chap. 224, § 13; *Babcock* v. *R. R. Co.,* 20 Wkly. Dig. 477; *Sewell* v. *City of Cohoes,* 75 N. Y. 45; *Wilson* v. *City of Watertown,* 3 Hun, 508; *Village of Port Jervis* v. *F. Nat. Bank,* 96 N. Y. 550; *City of Rochester* v. *Montgomery,* 72 id. 67; Laws of 1855, chap. 255, § 1.) It was error to exclude the testimony offered by the defendant to show that the day following this accident with the same team, driver, wagon, rigging and a load, there was difficulty that came near upsetting the load, resulting from the bolster, when turning shortly, falling down behind what are called the "hounds," and thus preventing the wagon with its load from being straightened safely. (*Quinlan* v. *City of Utica,* 11 Hun, 217; 71 N. Y. 603; *Ewell* v. *Mayor, etc.,* 1 J. & S. 126; *Avery* v. *City of Syracuse,* 29 Hun, 537;

*Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 459, 469; *Smith* v. *Lapham*, 87 id. 631; *Machen* v. *L. Ins. Co.*, 25 A. L. J. 496.) The motion for a non-suit should have been granted; there was no proof of a defect which resulted from a failure of the defendant to perform its duty. (*People* v. *N. Y. C. & H. R. R. R. Co.*, 74 N. Y. 302, 305; *Masterson Case*, 84 id. 247; *Payne Case*, 83 id. 572; *Wasmer Case*, 80 id. 212; *Gale Case*, 76 id. 594; *Judson* v. *N. Y. & N. H. R. R. Co.*, 29 Conn. 434; *Lowry Case*, 76 N. Y. 28; *McMahon Case*, 75 id. 231, 236; *Mazette* v. *R. R. Co.*, 85 id. 572; *Ring* v. *City of Cohoes*, 77 id. 83; *Hofnagle* v. *R. R. Co.*, 55 id. 608; *Lane* v. *Wheeler*, 35 Hun, 606; *Taylor* v. *City of Yonkers*, 105 N. Y. 202, 209.) There was error in charging the jury that any error of judgment did not constitute contributory negligence. (*Callahan* v. *Sharp*, 27 Hun, 85; *Belton* v. *Baxter*, 54 N. Y. 245; *Keese* v. *R. R. Co.*, 67 Barb. 205 *Morrison* v. *R. R. Co.*, 56 N. Y. 302; *Hunter* v. *R. R. Co.*, 112 id. 371; *Connoly* v. *R. R. Co.*, 88 id. 346; *Becht* v. *Corbin*, 98 id. 658; *Griffin* v. *Mayor, etc.*, 9 id, 456; *Minick* v. *City of Troy*, 83 id. 514, 517; *Durkin* v. *City of Troy*, 61 Barb. 437; *Evans* v. *City of Utica*, 69 N. Y. 166, 167; *Chapman* v. *R. R. Co.*, 55 id. 579; *Knupfle* v. *Ice Co.*, 84 id. 488; *Canfield* v. *R. R. Co.*, 14 J. & S. 238; *Walton* v. *Wise*, 47 id. 515; *People* v. *Kelley*, 35 Hun, 295, 302; *Driggs* v. *Phillips*, 103 N. Y. 77, 82.) The court erred in refusing the defendant's request to charge, that if the jury believed, from the testimony, the load did not upset until the wagon was entirely on the plank of the crossing, there could be no recovery because there was no proof of defect except at the edge of the plank. (*Hayes* v. *R. R. Co.*, 97 N. Y. 259; *Hofnagle* v. *R. R. Co.*, 55 id. 608; *Culhane* v. *R. R. Co.*, 60 id. 133; *Terry* v. *R. R. Co.*, 22 Barb. 574; *Reynolds* v. *R. R. Co.*, 58 N. Y. 248; *Edwards* v. *R. R. Co.*, 99 id. 245.) The court erred in admitting testimony as to repairs at this place after the accident. (*Dougan* v. *T. Co.*, 56 N. Y. 1, 8; *Salters* v. *Canal Co.*, 3 Hun, 338; *Corcoran* v. *Village of Peekskill*, 108 N. Y. 151, 155.)

*W. F. O'Neil* for respondent.    It is the duty of a railroad corporation, both under the statute and upon common law principles, to keep its road at a crossing in safe condition, so that a traveler upon the highway, exercising ordinary care, can pass over the same in safety. (*Gale* v. *N. Y. C. & H. R. R. R. Co.*, 70 N. Y. 594; *Warner* v. *R. R. Co.*, 80 id. 212; *Payne* v. *R. R. Co.*, 83 id. 572; *Masterson* v. *R. R. Co.*, 84 id. 247; *Gale* v. *R. R. Co.*, 76 id. 594.)    Whether, therefore, the plaintiff properly and carefully managed and controlled his horses and approached the crossing with due care and prudence, were questions pre-eminently for the jury. (*Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 10; *Clark* v. *U. F. Co.*. Id. 485; *McCarty* v. *City of N. Y.*, 67 id. 602; *Gale* v. *R. R. Co.*, 76 id. 594.)    A witness on cross-examination may be asked if he had made statements inconsistent with his testimony upon the trial; or if he had made statements out of court explanatory of his reason for testifying, in order to affect his credibility as a witness.    (*Schell* v. *Plunt*, 55 N. Y. 592.) The court is not bound to accept the words of counsel, and so to charge when he has already in other and appropriate language given the jury the true rule by which it is to be governed.    (*Stanley* v. *Webb*, 8 N. Y. Wkly. Dig. 444; *De Wolf* v. *Williams*, 69 N. Y. 623; 105 id. 164; *Caldwell* v. *N. J. S. Co.*, 47 id. 282; *Rexter* v. *Starin*, 73 id. 601.)    An individual or corporation, who assumes the sole direction and authority over property, is liable to a person injured for any omission of duty in its management.    (*Sewall* v. *City of Cohoes*, 75 N. Y. 45; *Jewhurst* v. *City of Syracuse*, 108 id. 303.)    It was immaterial who had charge of "North street," or who had graveled it; whether the person whose duty it was had well cared for the streets of Middletown, was not pertinent to the issue.    (50 N. Y. 203; *Masterson* v. *N. Y. C. & H. R. R. R. Co.*, 84 id. 247, 255; *Webster* v. *H. R. R. R. Co.*, 36 id. 39; *Colegrove* v. *N. Y. & N. H. R. R. Co.*, 20 id. 292; *Lovell* v. *Prop. of Locks, etc.*, 104 Mass. 18.)

POTTER, J.    The trial of the action under the pleadings involved the negligence of both the plaintiff and defendant, and the evidence upon the trial had mainly relation to those issues.    The only errors assigned by the appellant that I deem it necessary to examine in disposing of this appeal, relate to the rejection of some evidence offered by the defendant, upon the subject of plaintiff's contributory negligence and the charge in respect to the standard of judgment required in this class of cases.    Evidence was given upon the trial of the case tending to show the height and width of the load of straw and the extent of the projection of the shelving beyond the sides and the direct supports of the body of the wagon. Evidence was also introduced, showing that the wagon was driven upon a curve from the street upon platform scales at the side of the street for the purpose of weighing the load and after the load was weighed, the wagon was driven by a reverse curve upon the crossing and that while the wheels of the wagon were following this reverse curve, or, in other words, while the wagon was being cramped, the horses and forward wheels of the wagon were upon the crossing and at this stage of the proceedings the hind wheel of the wagon was driven into the hole or depression at the side of the plank across the roadway and the load of straw slid off.

It is well known to every practical wagoner that in cramping a farm wagon, that the plane of the base on which the bolster rests is much shortened, and that if the wagon is cramped to any considerable extent one of the forward wheels strikes and raises the side of the body of the wagon on the one side, while the support of the opposite side is shortened, and that the more the load overhangs the sides of the wagon the more the level of the wagon is disturbed.    To avoid this effect, there is usually a support called a hound, extending back some little distance, to prevent the end of the bolster from dropping too low and upon which the bolster may slide back to its larger base, as the occasion for cramping ceases and the forward wheels of the wagon get into line with the hind wheels. But sometimes the bolster, through defect in itself or of the

hound, drops over the end of the hound and prevents the return of the bolster to its base and the restoration of the body of the wagon to a level. The defendant sought to show that the inclination of the wagon, which caused the load to slide off, was occasioned by reason of the dropping of the bolster over the end of the hound. If the jury should find that a defect in the bolster and hound caused the inclination or contributed to increase the inclination caused by the settling of the hind wheel into the hole, such finding would constitute a defense to the action. With a view to the proof of that fact, the defendant proved that on the next day, the same driver with the same team, wagon and shelving was engaged in drawing cornstalks in a cornfield. The defendant then offered to show what occurred the next day when there was a load of cornstalks on the wagon, and also that they had trouble which came near upsetting their load. This was objected to as *immaterial* and the court excluded the proof, at the same time remarking, "You may show anything about *its being out of order*, but that they met with an accident the next day is not competent." The defendant then asked : "Did you have any difficulty with regard to the wagon when there was a load on it the next day ?" Upon objection this question was excluded and defendant's counsel excepted. The defendant's counsel then asked this question : "On the next day when a load was on, did the bolster drop down behind the hound, so that the wagon came near upsetting in the effort ?" This was objected to and excluded and the defendant excepted.

It will be observed by comparing this question with the preceding ones that the point of the question is changed. The point of the last question is whether the bolster caught behind the hound and that the wagon was thereby nearly upset. The court had just held that the defendant might show that the wagon was out of order. I think with the court below, that the defendant should have been allowed to show that the bolster caught behind the hound. That was doubtless the view of the court below, but in the haste and confusion pro-

duced in the mind of the court by rapid questions and offers, and the interposition of undiscriminating objections, the point of the last question was lost sight of. The character of the former questions had been changed and the meaning of the last question was whether the bolster did not drop behind the hound and whether while it was in that condition (not in a cornfield nor with a load of cornstalks upon it) but simply in turning with a load upon the wagon, and the bolster, caught by the hound, the wagon was not, as a fact, nearly overturned.

It seems to me that the learned trial judge committed an error in excluding the answer to the question.

I think, moreover, that that question should have been allowed for this additional reason, that it was designed to or would serve the purpose of eliciting evidence to meet the evidence of the witness Cantine, introduced by plaintiff, to the effect that some two years afterward in some experiments with the wagon at the place of the accident, but without any load upon it, the wagon was cramped and straightened out without any difficulty. But I prefer to put my opinion upon the broader ground, that the defendant was entitled to show the defect of the wagon in respect to the bolster and hound and that such defect tended in theory and operated in practice to overturn the wagon and thus put this case in line with that numerous class of cases that where a defect is shown to exist, that fact may be legitimately strengthened by proof of other and similar effects both before and after the effects were produced which form the subject of the trial. (*Quinlan* v. *City of Utica,* 11 Hun, 217; 74 N. Y. 603; *Hill* v. *P. R. R. R. Co.,* 55 Me. 438; *Dougan* v. *C. T. Co.,* 56 N. Y. 7; *Darling* v. *Westmoreland,* 52 N. H. 401; *Crocheron* v. *N. S. S. I. F. Co.,* 56 N. Y. 656; *Kent* v. *Lincoln,* 32 Vt. 591; *Smid* v. *Mayor,* etc., 17 J. & S. 126.)

I am also of the opinion that the learned judge committed an error in his charge in reference to the subject of contributory negligence. That subject was presented to the jury principally in view of the manner of approaching and entering upon the crossing, and whether the wagon wheels were in

line or were cramped and out of line, and whether the proper and safe part of the crossing was selected by the driver upon this occasion. The learned judge charged the jury in that regard " that they were not to understand that contributory negligence means any error of judgment."

Again the learned judge charged the jury " but mere error of judgment as to what particular part of the crossing he would drive this loaded wagon over, could not be called negligence." This I am disposed to think was erroneous. The judgment that is required to be exercised is the judgment of a man of ordinary and common prudence. The judgment of an imbecile or idiot will not suffice unless such judgment accords with the standard above indicated.

The defendant excepted " to so much of the charge as says that contributory negligence is not made out by showing error of judgment as to the part of the crossing he would drive over."

The error of judgment referred to in the exception is not necessarily the error of judgment of a man of ordinary prudence and the judge did not follow this expression " of an error of judgment" with the explanation which followed the former expression or with any qualification whatever.

For these errors I think the judgment should be reversed and a new trial granted with costs to abide the event.

All concur, except Bradley J., dissenting and Brown, J., not sitting.

Judgment reversed.