MICHAEL SCUDERO, Respondent, *v.* HELEN CAMPBELL, Appellant.

Submitted May 29, 1942; decided June 18, 1942.

*Clarence S. Zipp* and *Francis T. Lynch* for appellant. Neither the tenant nor his invitees could recover for a defective condition of the demised premises. (*Swords* v. *Edgar*, 59 N. Y. 28; *Barrett* v. *Lake Ontario Beach Imp. Co.*, 174 N. Y. 310; *Lusk* v. *Peck*, 132 App. Div. 426; 199 N. Y. 546; *Junkermann* v. *Tilyou Realty Co.*, 213 N. Y. 404; *Warner* v. *Lucey*, 207 App. Div. 241; 238 N. Y. 638; *Franklin* v. *Brown*, 118 N. Y. 110; *Jaffe* v. *Harteau*, 56 N. Y. 398; *Hirsch* v. *Radt*, 228 N. Y. 100; *Altz* v. *Leiberson*, 233 N. Y. 16; *Kilmer* v. *White*, 254 N. Y. 64; *Ahern* v. *Steele*, 115 N. Y. 203; *Campbell* v. *Holding Co.*, 251 N. Y. 446.)

*Benjamin Solovay* and *Julius Soloway* for respondent.

*Per Curiam.* Plaintiff went to a one-family house owned by the defendant to collect a bill from the occupant who was a monthly tenant. As he descended from the front stoop, one of its wooden steps gave way causing him to fall. For injuries so suffered, he had a recovery which has been affirmed.

The trial judge left it to the jury to say whether " the defendant had control and, having control, was negligent." We are to say whether there was evidence sufficient to carry the case to the jury on that issue.

There was evidence that prior to the accident the steps in question had become " all-rotted." There was evidence that this condition was repaired by the defendant after the plaintiff was hurt and when the same tenant still occupied the premises. These circumstances were enough to countenance the verdict. " When the defendant's liability depends upon whether a landlord or his tenant was in *control of premises* * * * the acts of control of such a person are provable, and an act of repair done after the injury may chance to be such an act." (2 Wigmore on Evidence [3d ed.], § 283, p. 158.)

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.