Charges J. Beckinella, J.
This is a motion for an examination before trial. Items 1, 2, 3 and 6 are granted on consent. Item 4 is granted on the authority of Koehler v. City of New *982 York (262 N. Y. 74, 78); Ippa v. City of New York (271 App. Div. 981) and Heimer v. Stento (270 App. Div.. 665, 667).
Item 5 is granted. Under this item plaintiff seeks to examine the defendant with respect to those accidents, occurring subsequent to the accident which is the subject of this action, which were similar in nature and caused by the same conditions that caused that accident.
The complaint in this action alleges that the accident was due to the state of disrepair of abandoned trolley tracks. The Court of Appeals has stated: ‘‘ When an alleged defect or obstruction is of such a character that it possibly may be made the basis of an action for negligence and the question is debatable which way the decision shall go, evidence of prior accidents very well may be received and utilized for the purpose of showing that tested by actual experience it has proved dangerous and naturally calculated to cause accidents. ’’ (Gastel v. City of New York, 194 N. Y. 15, 18.) Evidence of subsequent accidents similar in nature to the one which is the subject of an action cannot charge the defendant with notice of the dangerous condition alleged to be the cause of an accident, but such evidence has as much probative value as evidence of prior accidents, on the question of whether the condition was “ dangerous and naturally calculated to cause accidents.” (See Hoyt v. New York, Lake Erie & Western, R. R. Co., 118 N. Y. 399, 405; Henwood v. Chaney, 156 F. 2d 392, 397; Laitenberger v. State of New York, 57 N. Y. S. 2d 418, 422; Richardson on Evidence, [7th ed.], § 166, p. 140.)
The case of Rauppius v. City of New York (285 App. Div. 958), cited by the defendant, does not hold that an examination before trial must be restricted to prior accidents. The record on appeal in that case shows that the city appealed from an order insofar as it directed an examination before trial upon an item involving “ the existence and contents of reports concerning prior accidents ”, The city argued that it should not be examined concerning cmy prior accidents. The Appellate Division held that the examination before trial should be limited to prior accidents which were similar in nature to the one which was the subject of the action. The question of whether there could be an inquiry into subsequent accidents was not before the court.
The motion for an order pursuant to section 324 of the Civil Practice Act is denied without prejudice to the plaintiff’s making another application for the same relief after the examination before trial. The defendant is directed to produce the records and reports in question upon the examination before trial for the purposes specified in section 296 of the Civil Practice Act.
Settle order on notice.