■ ERNEST G. CROFF, Respondent, v. J. J. KEARNS, SR., Doing Business as J. J. KEARNS AGENCY, Appellant.— HERLIHY, J. P. Appeal by the defendant from a judgment entered upon a jury verdict in a negligence action and from an order denying a motion to set aside the verdict. This appeal primarily concerns certain rulings made by the court in the course of the trial. The manner of the procedure of a trial is within the discretion of the Trial Justice and when, as here, he determined that the defendant had ample opportunity to cross-examine the plaintiff, it does not appear that it was error to preclude further cross-examination of the plaintiff upon the defendant's case. Assuming that some other court might have ruled differently, there is no showing of prejudice in the present case in view of the fact that a doctor called as a witness by the defendant testified as to the matters which were the subject of the precluded questioning of the plaintiff. Further alleged error concerns the testimony as to subsequent repairs of the steps where the alleged accident occurred, albeit apparently not argued before the trial court on the motion to set aside the verdict. The answer of the original defendants denied the allegation in the complaint as to control over the premises, but at the trial their counsel conceded such control. Nevertheless, the court permitted testimony of subsequent repairs which, under the circumstances, was immaterial and irrelevant and objections to such testimony should have been sustained. However, in consideration of the clear showing of a negligent condition at the time of the happening of the accident, such testimony was not so prejudicial as to now require a new trial, particularly when the court in its charge advised the jury that such testimony was limited to the issue of control and no exception or request was noted. The other alleged errors are without merit, but we note that the attack upon the appellant's counsel in the respondent's brief is unwarranted and in no way supported by objections in the record. It was not considered in deciding the merits of this appeal. The verdict was not excessive. Judgment and order affirmed, with costs. Herlihy, J. P., Aulisi and Gabrielli, JJ., concur in memorandum by Herlihy, J. P. Reynolds and Staley, Jr., JJ., dissent and vote to reverse and grant a new trial, in a memorandum by Reynolds, J. Reynolds, J. (dissenting). The judgment in favor of the plaintiff should be reversed and a new trial ordered, in the interests of justice, because of

prejudicial error in permitting evidence of repairs subsequent to the alleged accident on the pretext that it was being introduced to show control. Certain it is, that the Court of Appeals in *Scudero* v. *Campbell* (288 N. Y. 328) created an exception to the well recognized general rule of exclusion of evidence of subsequent repairs by allowing same where a legitimate issue as to control exists. But here control was conceded on the trial and despite the concession plaintiff's counsel persistently pressed for the acceptance of his evidence of subsequent repairs, despite the strenuous and continued objections of defense counsel. It was obvious that the question of control was out of the case, assuming it was ever in it, and the continued insistence of its receipt could only be based on ulterior motives. We have specifically condemned such tactics in a recent case (*Griffin* v. *Corporation of Church of Assumption of Mechanicville*, 14 A D 2d 620). In the present case where the liability was sharply disputed, and there were real issues as to credibility, the receipt of this evidence was patently reversible error. The charge of the court that such testimony was received only on the question of control does not cure its prejudicial effect. The inference from the act of repair to negligence by the repairer is not justified and tends to prejudice or influence the minds of jurors. It is generally accepted by them as an admission of negligence and its natural tendency is to influence them in that direction. (Cf., *Scudero* v. *Campbell, supra; Cahill* v. *Kleinberg*, 233 N. Y. 255; *Clapper* v. *Town of Waterford*, 131 N. Y. 382; *Getty* v. *Town of Hamlin*, 127 N. Y. 636; *Corcoran* v. *Village of Peekskill*, 108 N. Y. 151; *Causa* v. *Kenny*, 156 App. Div. 134; see, *Columbia R.R. Co.* v. *Hawthorne*, 144 U. S. 202, 208; *Morse* v. *Minneapolis & St. Louis Ry. Co.*, 30 Minn. 465; Model Code of Evidence [1942], rule 308.) Additionally, on this record, the verdict was grossly excessive.