■ JOSEPH C. GALIETA, Respondent, v. YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE CITY OF SCHENECTADY, Appellant.— AULISI, J. Appeal from a judgment of the Supreme Court, entered May 2, 1968 in Schenectady County, upon a verdict rendered at a Trial Term, in favor of plaintiff. On February 8, 1965 plaintiff was invited by a YMCA member to join him in using the facilities of the Health Club at the Schenectady YMCA. While at the club, plaintiff had taken a shower and a steam bath and at the time the accident occurred he was standing in an area between the lavatory room and the drying room. Running along the east wall in this area was a return pipe, some 1¼ to 1½ inches in diameter, positioned 2 to 3 inches from the wall and approximately one foot from the floor. The pipe was not insulated, was painted the same color as the wall and served to return condensed steam from the radiators located on the floor above to the boiler. Two men headed for the shower room approached plaintiff, walking side by side, and as plaintiff stepped back to allow them to pass, his right calf came into contact with the pipe. Plaintiff testified that the pipe was very hot and that the shock of touching it caused him to jump forward and lose his balance, striking his neck against the pipe as he fell. As a result of the accident, plaintiff sustained burns to his right calf and neck and fractured his left ankle. It is appellant's contention that plaintiff failed to establish a prima facie case. Pointing to the absence of any prior complaints or accidents involving the pipe, what it regards as its "open and obvious" location and condition and the testimony which was introduced to the effect that the pipe had been touched on several prior occasions and not found to be hot, appellant argues that neither the existence of a defective condition nor the appellant's knowledge thereof, was demonstrated. In our view a prima facie case was proven and the matter was properly submitted to the jury for its evaluation. Testimony was introduced that the condensed steam in a return pipe of this kind would range between 180 and 212 degrees in temperature. The testimony of plaintiff, as well as that of the member who had invited him and who had touched the pipe immediately after the accident, establishes that the pipe was, in fact, hot at that time. The presence of such a return pipe, uncovered and not insulated, capable of heating to high temperatures, deceptively painted the same color as the adjoining wall, without any warning thereof, in an area frequented by unclothed men, was sufficient to warrant submission to the jury of the issue of whether a defective and unsafe condition was created thereby. Also bearing on the issue of the existence of a defective condition, we note in passing, was the happening of a subsequent accident under similar

conditions, a matter discussed in detail below. Furthermore, appellant's asserted lack of actual knowledge of the unsafe condition is not controlling as the appellant is liable if the condition existed for a sufficient period of time so that in the exercise of reasonable care it should have known of its existence. The testimony indicates that the pipe had remained in the same condition since 1954 and from this fact the jury could properly find sufficient notice. (See *Bergmann* v. *Daino*, 26 A D 2d 889.) During the trial another YMCA member testified that in November, 1966, he too was burned in the calf after coming into contact with the return pipe and that the conditions then existing were the same as when plaintiff was injured. Appellant objected to the introduction of this testimony and it was admitted into evidence by the trial court, the Trial Judge stating at the time that it was not being received on the issue of notice and that in his charge he would indicate the precise purpose for which such testimony could be considered. Inadvertently, the Trial Judge failed to instruct the jury as promised as to the limited purpose for which the testimony was admitted. Appellant contends that evidence of a subsequent accident is not admissible for the purpose of proving notice and that in admitting this testimony into evidence without an appropriate instruction as to its limited purpose, the trial court committed reversible error. Evidence of a subsequent accident occurring under conditions similar to those existing at the time of the accident complained of is admissible and of probative value on the issue of whether a dangerous condition existed, but cannot charge the defendant with notice of such a condition (*Masters* v. *City of Troy*, 50 Hun 485, affd. 123 N. Y. 628; *Wilson* v. *Town of Spafford*, 57 Hun 589; *Eisenbraun* v. *City of New York*, 2 Misc 2d 981; Richardson, Evidence [9th ed.], § 201; 41 N. Y. Jur., Negligence, § 101). The witness to the subsequent accident clearly testified that the conditions were the same at that time as those to which plaintiff had testified to existed on the day of the accident in question, and the subsequent accident was not so remote in time as to destroy its probative value. The testimony as to the subsequent accident was thus properly admitted into evidence over appellant's objection. Although a specific instruction as to the limited purpose for which this evidence was admitted was not included in the charge, as the Trial Judge had indicated it would, appellant's counsel did not request that such an instruction be given nor did he object to the charge as given (see *Wolfe* v. *Madison Ave. Coach Co.*, 171 Misc. 707). In fact, at the conclusion of the charge, he stated that he was "thoroughly satisfied" with it. Nor do we find that the absence of such an instruction was sufficiently prejudicial as to require a new trial in the interests of justice. In the jury's presence and when appellant's objection to the introduction of that evidence was first interposed, the Trial Judge cautioned counsel that this evidence would not be received from the standpoint of notice. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum by Aulisi, J.