■ KARL L. CARNIBUCCI, SR., Individually and as Parent and Natural Guardian of KARL L. CARNIBUCCI, JR., an Infant, Respondent, v MARLIN FIREARMS COMPANY et al., Appellants, and WESTONS SHOPPERS CITY OF ALBANY et al., Respondents.—Appeals from that part of an order of the Supreme Court at Special Term, entered January 29, 1975 in Albany County, which granted plaintiffs' motion for inspection and discovery and denied appellants' motion for a protective order. Plaintiffs' complaint alleges causes of action in negligence and breach of warranty against the appellants arising out of an accident on November 29, 1967, when it is alleged that a semiautomatic-.22-caliber rifle (manufactured by the Marlin Arms Company and sold to the infant Karl Carnibucci, Jr., by Westons Shoppers City, who had obtained the gun from Harry T. King Wholesale) loaded with .22-caliber long ammunition (manufactured by the Remington Arms Company and sold by Colljack's Sporting Goods Store) misfired and subsequently the cartridge exploded when said infant was inspecting the rifle, causing him to lose his left eye. The appellants limit their appeal to so much of the order of Special Term as compels them to furnish "information relating to claims of a similar nature, whether such claims were made prior or subsequent to the subject action." The appellants primarily contend that the language quoted hereinabove is too vague or too broad and, while the order when considered in the light of Special Term's decision is not seriously lacking in specificity, the plaintiffs concede that the discovery is to be limited to a similar rifle and similar cartridge as were being used by the infant at the time of the accident. In view of that concession, the order should be modified so as to expressly coincide with the intent of the plaintiffs as to discovery of claims of a similar nature and hopefully expedite pretrial discovery. The appellant, Remington Arms Company, contends that subsequent similar claims are not a proper subject of discovery. This contention is precluded by the case of *Galieta v Young Men's Christian Assn. of City of Schenectady* (32 AD2d 711, 712) wherein this court held that evidence of similar but subsequent accidents is admissible at trial to establish a defective condition. Special Term's order is not an abuse of discretion insofar as it directs the disclosure of similar claims (*Abrams v Vaughan & Bushnell Mfg. Co.,* 37 AD2d 833, 834). Order modified, on the law and the facts, by amending the last decretal paragraph thereof so as to provide that the information as to similar claims be claims involving Model 898 M2 semiautomatic-.22-caliber rifles with the same components as contained in the rifle purchased by the infant plaintiff

insofar as the Marlin Firearms Company is concerned, and claims involving cartridges manufactured to the same design, specifications and materials as the cartridge referred to in the complaint and which cartridge exploded after a misfire or hang fire when used in a Marlin rifle of the model herein involved insofar as the Remington Arms Company, Inc., is concerned, and, as so modified, affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.