■ WILLIAM CASTLEBERRY et al., Appellants-Respondents, v HUDSON VALLEY ASPHALT CORP., Respondent-Appellant.—In a negligence action to recover damages for personal injuries, etc., the parties cross-appeal from a judgment of the Supreme Court, Orange County, entered June 23, 1977, which is in favor of (1) plaintiffs Castleberry upon a jury verdict, and (2) plaintiff United States of America, upon a jury verdict as reduced by the trial court in an order dated June 17, 1977. Judgment reversed, on the law, and new trial granted, with costs to abide the event. It was reversible error for the trial court to have permitted testimony that about 18 days prior to the accident, another individual had been injured as a result of his having

slipped on the defendant's platform. On that date, unlike the day on which plaintiff William Castleberry was injured, it had been raining heavily, thus making the oil-soaked platform more slippery then usual. Thus, since the platform was not *substantially* in the same condition as on the date of the accident, the admission of such evidence constituted reversible error (see Richardson, Evidence [Prince-10th ed], § 196; see, also, *Flansburg v Town of Elbridge,* 205 NY 423). Error was also committed by the court when it permitted plaintiffs' attorney to elicit that subsequent to the accident, the defendant had scraped the oil off the platform. Read in context, it appears that this line of questioning was not, as plaintiffs contend, simply intended to call to the jury's attention the fact that defendant's photographs were not fair and accurate representations of the condition of the platform on the day of the accident. The error was compounded by the court's failure to instruct the jury that the evidence had not been received as an admission of negligence or culpability and that no inference of negligence could be drawn therefrom (see Richardson, Evidence [Prince-10th ed], § 168). Finally, it was error for the court to have advised the jurors, in response to their inquiry, that they could, in effect, speculate about workmen's compensation and disability insurance. Insofar as an injured party has "in some way paid for his benefits, or is absolutely or conditionally liable to repay his benefactor", as in the case of workmen's compensation, the collateral source rule applies and the injured party's recovery should not be reduced by the amount of benefits recovered from such sources (see *Silinsky v State-Wide Ins. Co.,* 30 AD2d 1, 4; see, also, PJI 2:300, and the cases cited therein). Accordingly, a new trial should be had on the questions of both liability and damages. Were we not granting a new trial, we would have found that the reduction of the verdict, insofar as it was in favor of the plaintiff United States of America, was proper. We have considered the other points raised by the parties and have found them to be without merit. Martuscello, J. P., Rabin, Margett and O'Connor, JJ., concur.