■  RICHARD A. BERTOCCI, Appellant, v FIAT MOTORS OF NORTH AMERICA, INC., Respondent, et al., Defendants.—Order of the Supreme Court, New York County, entered February 13, 1979, granting the motion by defendant Fiat Motors of North America, Inc. (Fiat) for a protective order pursuant to CPLR 3103 and 3133 striking plaintiff's second set of interrogatories served upon defendant, unanimously modified, on the law and the facts and in the exercise of discretion, without costs or disbursements, only to the extent of

directing that Fiat respond to plaintiff's second set of interrogatories within 30 days after service of the order to be entered on this appeal. The interrogatories are to be limited in scope as to apply only to the 1975 Fiat Model "128" vehicle, and the replacement parts recommended for said 1975 vehicle. In all other respects we affirm. The action, predicated upon allegations of negligence and breach of warranty, seeks to recover damages resulting from the purchase by plaintiff of an alleged defective 1975 Fiat Model "128" vehicle. Following an inspection of Fiat's customer complaint files, plaintiff served his second set of interrogatories to elicit information as to the number of Fiat Model "128" vehicles sold in the United States for the model years 1974 through 1977, and the number of recommended replacement clutch cables, fuel pumps and timing belts for said models sold during that period of time. Special Term granted the motion for a protective order striking the interrogatories as irrelevant to the issues in dispute. We disagree. The inquiry, at least insofar as concerns the 1975 Fiat Model "128" vehicle, bears upon the central issue in dispute as to whether the vehicle and its component parts were defective. In products liability cases, disclosure has been permitted with respect to claims similar in nature to that asserted by plaintiff, whether such claims were made prior or subsequent to the claim advanced by plaintiff (*Johantgen v Hobart Mfg. Co.*, 64 AD2d 858; *Carnibucci v Marlin Firearms Co.*, 51 AD2d 1067; *Abrams v Vaughan & Bushnell Mfg. Co.*, 37 AD2d 833; *Galieta v Young Men's Christian Assn. of City of Schenectady*, 32 AD2d 711). Although these were personal injury actions, the principle is equally applicable to property damages cases. We conclude, however, from our review of the record that the interrogatories propounded are overly broad in seeking information pertaining to model years other than that purchased by plaintiff. There is neither allegation nor proof that the Fiat Model "128" vehicles for the model years 1974, 1976 and 1977 were identical or substantially similar to the 1975 model claimed to be defective, sufficient to sustain the expansive disclosure sought by plaintiff. Accordingly, we have limited the scope of the inquiry to the 1975 Fiat Model "128" vehicle (see *Savitsky v General Motors Corp.*, 40 AD2d 1025). Concur—Birns, J. P., Sandler, Ross, Markewich and Bloom, JJ.