ALEXANDER KLATZ et al., Respondents, v ARMOR ELEVATOR Co., INC., Appellant, et al., Defendant.

Second Department, May 23, 1983

APPEARANCES OF COUNSEL

*Montfort, Healy, McGuire & Salley* (*E. Richard Rimmels, Jr.,* and *Richard S. Kaye* of counsel), for appellant.

*Kanter, Haber & Vogel* (*Myron D. Vogel* of counsel), for respondents.

OPINION OF THE COURT

MANGANO, J.

The male plaintiff was injured on February 3, 1980 when a public elevator in which he was riding fell two stories.

Plaintiffs instituted a negligence action against defendant Armor Elevator Co., Inc. (hereinafter Armor), which had the duty to service, inspect and repair the elevator pursuant to a contract with the owner of the building, Wes Building Corp. (hereinafter Wes). The summons served on Armor named Wes as a defendant, however, it appears that Wes was never served. The primary issue to be resolved on this appeal is whether, and to what extent, plaintiffs may obtain discovery of defendant Armor's records concerning any accidents involving this particular elevator which occurred subsequent to the accident in question.

In their complaint against Armor, plaintiffs alleged that it was negligent in the following respects:

"causing, suffering and permitting the elevator to become and remain in a defective, broken, hazardous and otherwise dangerous condition; in failing properly to inspect and test and maintain said elevator; in failing to repair said elevator; in making improper and defective repairs to said elevator; in failing to give any warning or notice of the condition of the elevator; in failing to exercise that degree of care and caution required under the circumstances; in failing to shut down the elevator when [it] knew or should have known same was in a defective and dangerous condition; and in violating the rules, regulations and statutes relevant to safety regarding passenger elevators * * *

"Defendant * * * ARMOR ELEVATOR CO., INC. maintained and serviced the elevators in said building [and] knew, or, in the exercise of reasonable care, should have known that the elevator was in a defective and dangerous condition in that the safety mechanisms regarding movement of said elevator were defective, and should have warned plaintiff thereof".

The answer of Armor contained several affirmative defenses, viz., contributory negligence, assumption of risk, and lack of personal jurisdiction, and also a cross claim for contribution against defendant Wes.

Thereafter, an examination before trial of defendant Armor was conducted. The witness produced by Armor was Jerry Castaldo, a service supervisor for Armor at the time of the accident.

During the course of the examination, counsel for Armor advised that the service contract between it and Wes would be produced. The witness Castaldo stated that he personally inspected the elevator on February 5, 1980, two days after the accident, and made a report of his findings after that inspection. The request of plaintiffs' counsel for production of that report as well as reports regarding "any subsequent incident[s] involving this elevator" was refused by Armor's counsel.

Plaintiffs' counsel then indicated that the examination had to be adjourned because the witness did not have any service records or reports in his possession. Defense counsel took exception and indicated that the witness would not come to another examination.

Thereafter, plaintiffs moved for an order compelling a further examination before trial and also disclosure of (1) the service contract between Armor and Wes and (2) service and complaint records in connection with the elevator for a period of one year prior to, *and subsequent* to the date of the accident. The affidavit in support of the motion reiterated the prior history of the case and requested disclosure of the documents listed in the notice of motion, plus Castaldo's report made after his inspection of the elevator on February 5, 1980.

In an affirmation submitted in opposition to the motion, Armor's counsel agreed to produce the service contract between Wes and Armor. However, with respect to the request for service records, Armor's counsel argued that the demand for discovery of such records covering the one-year period prior to the accident was much too broad, and that discovery of records going back six months prior to the accident was sufficient.

With respect to service records and complaint records subsequent to the accident, counsel argued (1) that the request for the same by plaintiffs was a blunderbuss fishing expedition, and (2) that defendant never dreamed that plaintiffs' notice to take the examination before trial of Armor, which merely required the person to be examined to bring with him all "records, books, papers, documents, correspondence and copies thereof and other writings and

papers kept by them [*sic*] or in their [*sic*] custody or control as relate to the matters in controversy herein", included a request for service and complaint records subsequent to the accident. Counsel alleged that if he had suspected beforehand that it was plaintiffs' intention to request the records concerning service and complaints after the accident, he would have moved for a protective order. On the merits of the request by plaintiffs, counsel alerted Special Term to *Getty v Town of Hamlin* (127 NY 636), and *Croff v Kearns* (29 AD2d 703, affd 22 NY2d 718), for the proposition that subsequent service and repair records could not be discovered.

By order entered December 9, 1981, Special Term granted plaintiffs' motion for a continued examination before trial of defendant Armor. With respect to the production of records at that examination, Special Term ruled, *inter alia,* that: "It is the further order of this Court that at the hereinabove directed oral deposition before trial the defendant, Armor Elevator Co., Inc., produce all appropriate and pertinent records relative to this matter including but not limited to * * * service records in connection with the elevator which is the subject of this lawsuit, and any records relative to complaints regarding the said elevator, all for a period of time six months prior to the incident herein and six months subsequent thereto".

By notice of motion dated May 19, 1982, defendant Armor moved (1) to reargue plaintiffs' motion for further discovery and (2) upon reargument to vacate that part of Special Term's order entered December 9, 1981 which allowed discovery of said defendant's service and complaint records concerning the elevator in question for the six-month period subsequent to February 3, 1980, the date of the accident. By order dated June 10, 1982 reargument was denied.

■ Initially, it must be noted that the words used by Special Term in the order entered December 9, 1981, viz., "service records", are broad enough to include records of any repairs made to the elevator. To the extent that the language of the order appealed from encompasses the production of records of repairs made in connection with the subject elevator during the six-month period subse-

quent to the date of the accident, it clearly exceeded the bounds of proper discovery. The cases are legion in holding that evidence of subsequent repairs is not discoverable or admissible in a negligence case (*Corcoran v Village of Peekskill,* 108 NY 151; *Getty v Town of Hamlin,* 127 NY 636, *supra; Clapper v Town of Waterford,* 131 NY 382; *Cahill v Kleinberg,* 233 NY 255; *Scudero v Campbell,* 288 NY 328; *Croff v Kearns,* 29 AD2d 703, affd 22 NY2d 718, *supra; Barone v 111 East 39th St. Corp.,* 38 AD2d 797; *Carollo v Rose,* 43 AD2d 831). Evidence of subsequent repairs may be admissible if an issue of control and maintenance exists (*Scudero v Campbell, supra; Olivia v Gouze,* 285 App Div 762, affd 1 NY2d 811), but this exception is inapplicable to the case at bar, since defendant Armor was concededly obligated to maintain and repair the elevator under its service contract with defendant Wes, the building owner.

The order entered December 9, 1981, also directs Armor to produce "records relative to complaints" regarding the subject elevator for the period of six months subsequent to the date of the accident in question. Clearly, the language of that order is broad enough to include discovery of records of subsequent accidents involving the elevator. It is Armor's position that discovery of records of subsequent accidents involving the subject elevator is impermissible, even if the subsequent accidents were similar in nature to the accident which is the subject of the instant action.

It has been consistently held, as defendant Armor itself concedes, that records of prior similar accidents are admissible and discoverable in a negligence action since they are relevant in establishing both (1) that a particular condition was dangerous and (2) that defendant had notice of same (*Gastel v City of New York,* 194 NY 15, 18; *Hyde v County of Rensselaer,* 51 NY2d 927; *Castleberry v Hudson Val. Asphalt Corp.,* 60 AD2d 878; *Angelson v New York R.T. Corp.,* 240 App Div 907). As this court stated in *Angelson v New York R.T. Corp.* (*supra,* pp 907-908): "evidence of prior, similar accidents at the place in question and knowledge thereof on the part of the defendant is relevant and material to plaintiffs' case to show a manifestly dangerous

condition and defendant's knowledge and notice thereof, and they are entitled to an examination of the defendant upon those matters".

Defendant Armor argues that records of subsequent similar accidents stand on a different footing than records of prior similar accidents and that the former are not discoverable in a negligence action.

We disagree.

It has been consistently held by the courts of this State that proof of subsequent accidents at the same place and under the same conditions, while of no probative value on the question of notice, is admissible to establish the existence of a dangerous condition, instrumentality or place (*Quinlan v City of Utica,* 11 Hun 217, affd 74 NY 603; *Masters v City of Troy,* 50 Hun 485, affd 123 NY 628; *Wilson v Town of Spafford,* 10 NYS 649; *Galieta v Young Men's Christian Assn.,* 32 AD2d 711; *Laitenberger v State,* 57 NYS2d 418; Richardson, Evidence [Prince, 10th ed], § 196; 41 NY Jur, Negligence, § 101). In discussing the distinction between the use of proof of prior and subsequent similar accidents in a negligence action, the Supreme Court of Minnesota, in the often cited case of *Taylor v Northern States Power Co.* (192 Minn 415, 418-419), stated: "Some cases make a distinction between testimony of similar experiences prior to the one in the suit and those occurring subsequently. But when the purpose is merely to show the dangerous condition of the instrumentality or place, there seems to be no reason why the one should not be given the same effect as the other. Of course the occurrences subsequent to the one involved in the suit are not admissible for the purpose of bringing home notice of the danger or defect to the one charged with the proper condition of the instrumentality or the place causing the injury. In the following cases evidence of subsequent similar accidents was held competent, conditions remaining the same: City of Topeka v. Sherwood, 39 Kan. 690, 18 P. 933; Cook v. New Durham, 64 N.H. 419, 13 A. 650; Quinlan v. City of Utica, 11 Hun, 217 (affirmed without opinion, 74 N.Y. 603); Masters v. City of Troy, 50 Hun, 485, 3 N.Y.S. 450 (affirmed without opinion, 123 NY 628, 25 N.E. 952). The courts holding that testimony of other accidents from the

same cause is inadmissible assign as a persuasive reason that it would introduce collateral issues; but as to this the court in Quinlan v. City of Utica, 11 Hun 217, 219, says: 'Upon an issue as to the utility, proper condition or safety of any work of human construction designed for practical use, evidence tending to show how the article has served when put to the use for which it was designed, would seem to bear directly upon the issue, and often may be of the most satisfactory and conclusive character. It is objected by the appellant's counsel that the testimony presented new issues, of which his client had no notice, and which it could not be prepared to meet. In one sense, every item of testimony material to the main issue introduces a new issue; that is to say, it calls for a reply. In no other sense did the testimony in question make a new issue. Its only importance was that it bore upon the main issue, and all legitimate testimony bearing upon that issue the defendant was required to be prepared for.' "

The case of *Eisenbraun v City of New York* (2 Misc 2d 981) illustrates this principle in the area of pretrial discovery. In *Eisenbraun,* an action in negligence was instituted to recover damages for injuries arising out of an accident allegedly caused by the state of disrepair of abandoned trolley tracks. Plaintiff was allowed to examine the defendant city, not only as to prior similar accidents caused by the same condition, but also as to subsequent accidents similar to the one in question. Specifically, Special Term held in that case (p 982):

"Item 5 is granted. Under this item plaintiff seeks to examine the defendant with respect to those accidents, occurring subsequent to the accident which is the subject of this action, which were similar in nature and caused by the same conditions that caused that accident.

"The complaint in this action alleges that the accident was due to the state of disrepair of abandoned trolley tracks * * * Evidence of subsequent accidents similar in nature to the one which is the subject of an action cannot charge the defendant with notice of the dangerous condition alleged to be the cause of an accident, but such evidence has as much probative value as evidence of prior accidents, on the question of whether the condition was

'dangerous and naturally calculated to cause accidents.' (See *Hoyt* v. *New York, Lake Erie & Western R. R. Co.,* 118 N.Y. 399, 405; *Henwood* v. *Chaney,* 156 F.2d 392, 397 \* \* \*.)"

The case of *McDuffy v Boston & Me. R. R.* (102 NH 179) goes even further than *Eisenbraun* (*supra*). In *McDuffy,* the plaintiff was injured when the car in which he was riding collided with a train at a railroad crossing. The negligence alleged was that the railroad "did inadequately warn and guard Littlefield's Crossing, [and did] inadequately warn of the approach of its train" (102 NH, at p 179). A motion was made for discovery of all written reports of accidents and near collisions at the crossing between "highway users" and the defendant's trains. In support of the motion, plaintiff alleged that (1) several other accidents occurred at that crossing both prior to and subsequent to his accident and (2) discovery of these reports was necessary to determine whether the circumstances surrounding the other accidents were sufficiently similar to the circumstances in *McDuffy* to constitute material evidence in that case. The Supreme Court of New Hampshire allowed the discovery requested except that it limited it to all accidents between trains and cars (rather than all highway users) at that crossing both prior and subsequent to plaintiff's accident. It is interesting to note that the court in *McDuffy* (*supra,* p 182), was not concerned that the discovery order might produce evidence of accidents which would not be admissible in the actual trial because of "dissimilarity in time or conditions".

We need not go as far as the court in *McDuffy* (*supra*). The decision in *Eisenbraun v City of New York* (*supra*) provides a suitable framework for resolving the appeal from the order entered December 9, 1981. In their complaint, plaintiffs alleged that "the safety mechanisms regarding movement of [the] elevator were defective" and that Armor was negligent in failing to repair that condition or warn users of its existence. Under these circumstances, the order entered December 9, 1981 should be modified so as to allow plaintiffs discovery of records of any accidents involving the subject elevator which (1) occurred during the six-month period subsequent to the date of the

accident which is the subject of the instant action and (2) were caused by defective safety mechanisms. The appeal from the order dated June 10, 1982 should be dismissed since no appeal lies from an order which denies reargument.

DAMIANI, J. P., THOMPSON and O'CONNOR, JJ., concur.

Order entered December 9, 1981 modified by deleting therefrom the provision directing defendant Armor to produce service and complaint records regarding a certain elevator for a period of six months subsequent to the accident which is the subject of the instant action and substituting therefor a provision directing defendant Armor to produce records of any accidents involving said elevator which (1) occurred during the six-month period subsequent to the date of the accident which is the subject of the instant action and (2) were caused by defective safety mechanisms. As so modified, order entered December 9, 1981, affirmed insofar as appealed from, without costs or disbursements.

Appeal from the order dated June 10, 1982, dismissed, without costs or disbursements. No appeal lies from an order denying reargument.