OPINION OF THE COURT
Bernard F. McCaffrey, J.
Motion by defendants, AMF Incorporated and Harley-Davidson Motor Co., Inc., for a protective order pursuant to CPLR 3103, is disposed of as follows.
To the extent that said defendants are providing plaintiff with the names and captions of other lawsuits involving the alleged defect in the case at bar, the said defendants shall furnish to plaintiff all depositions of any employee or former employee of AMF Incorporated, or Harley-Davidson Motor Co., Inc., where it is alleged that a 1979 Harley-Davidson model 1200, 1340 or 1000 cc motorcycle was assembled with defective rear master cylinders.
Whether the aforesaid depositions will ultimately be admissible in evidence at the trial of this action is for the Trial Justice to determine. Irrespective of whether they are *965 admissible they are material and necessary to this action as long as there is any possibility that the information is sought in good faith for “possible use as evidence-in-chief, or in rebuttal or for cross-examination”. As long as the information is reasonably calculated to lead to evidence which is admissible, it is disclosable (see Wilson v McCarthy, 57 AD2d 617; Johnson v New York City Health & Hosps. Corp., 49 AD2d 234).
No privilege or immunity is asserted by defendants with respect to the requested depositions.
Within 25 days after service of a copy of this order upon said defendants’ attorneys, the said defendants shall make available to plaintiff’s attorneys copies of the aforesaid depositions at a reasonable cost to plaintiff for reproduction of same.
(Upon reargument April 11, 1984)
Motion by defendants for an order to renew and reargue the order of this court dated December 23,1983, is granted and upon such reargument and reconsideration the court adheres to its original determination.
It is noted that defendants do not challenge plaintiff’s right to ascertain other similar claims (of which there are 42), as said right is clearly permissible under applicable case law. (See Bertocci v Fiat Motors, 76 AD2d 779; Johantgen v Hobart Mfg. Co., 64 AD2d 858; Carnibucci v Marlin Firearms Co., 51 AD2d 1067.) Rather, defendants take exception to the requirement imposed on them to produce copies of the requested transcripts. Instead, they maintain that they ought to be obligated only to furnish plaintiff with a listing of the names of other claimants, applicable tribunals, names of counsel for said claimants, and dates of incidents so that plaintiff may request of claimant’s trial counsel the particulars and documents he desires. In other words, defendants urge that plaintiff should be able to obtain the requested information from third parties who have no obligation to provide it. This is not acceptable.
The plaintiff’s suggestion is more feasible. Defendants shall compile a list of employees or former employees who have been deposed about the recall (44), state the case which the deposition was taken, the length of the deposition transcript, the cost per page to copy same, and the *966 attorneys (of defendants) who have possession of it. Upon request of plaintiff, defendant shall then produce the transcript. Plaintiff shall be responsible for payment of a retrieval fee not to exceed $20 per deposition transcript. In addition thereto, defendant shall arrange for copying the transcript through a commercial photocopying establishment billing plaintiff at whatever the standard rate is for the particular locality in which said copying shall be done.
Within 30 days after service of a copy of this order upon defendants’ attorneys, said defendants shall make available to plaintiff’s attorney the list required of them, as hereinabove set forth. Furthermore, defendants shall appear for oral deposition within 30 days after compliance with plaintiff’s notice of discovery and inspection dated October 24, 1983, or as otherwise agreed between the parties. However, compliance with the order of this court dated December 23, 1983, as amended herein, is hereby stayed for a period of 60 days from service of this order with notice of entry in which to prosecute its appeal herein.