■ VINCENT REISIGER, Respondent, v COUNTY OF NASSAU, Appellant, and ROSEANN GENOVESE et al., Respondents. (Action No. 1.) STEVEN C. BALOS, Respondent, v COUNTY OF NASSAU, Appellant, and PAULINE M. BRANDENBURG et al., Respondents. (Action No. 2.) DEBRA GENOVESE et al., Respondents, v COUNTY OF NASSAU, Appellant, and ROSEANN GENOVESE et al., Respondents. (Action No. 3.) ROSEANN GENOVESE, Respondent, v COUNTY OF NASSAU, Appellant, and TOWN OF OYSTER BAY et al., Respondents. (Action No. 4.)—In related negligence actions to recover damages for personal injuries, the County of Nassau appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated January 7, 1985, as directed it to submit to further discovery.

Order affirmed, insofar as appealed from, without costs or disbursements. The appellant shall produce an employee from the Division of Road Maintenance with knowledge of the facts in these actions upon written notice of not less that 10 days. The appellant's time to produce documents and information specified in the order appealed from is extended until 30 days after service upon it of a copy of the order to be made hereon, with notice of entry.

The moving parties sought further discovery pertaining to Nassau County's obligation with respect to maintenance and control of tree removal in the area adjacent to Piping Rock Road, Village of Matinecock, Nassau County, where a motor vehicle left the traveled portion of the roadway and struck a tree. Under the circumstances of this case, Special Term did

not abuse its discretion in permitting such further discovery. It is well settled that postaccident repairs and changes are proper subjects for discovery where an issue of control and maintenance exists (see, Klatz v Armor Elevator Co., 93 AD2d 633; Scudero v Campbell, 288 NY 328). Mollen, P. J., Rubin, Eiber and Kooper, JJ., concur.