■ Joseph E. Dudley et al., Appellants, v County of Saratoga, Respondent.—Kane, J. P. Appeal from a judgment of the Supreme Court (Ford, J.), entered July 6, 1987 in Saratoga County, upon a verdict rendered in favor of defendant.

Plaintiff Joseph E. Dudley (hereinafter plaintiff) was the operator and sole occupant of a 1976 Honda Civic station wagon proceeding south on Saratoga County Route 1 toward the Town of Hadley when, at about 2:15 A.M. on August 8, 1978, it was caused to leave the public highway and strike a telephone pole. Plaintiff sustained serious injuries rendering him a quadriplegic.

In this action to recover damages against defendant for negligence in the construction and maintenance of the highway at the scene of the accident, a jury found that defendant was not negligent. On this appeal, plaintiff seeks a reversal and new trial contending that (1) Supreme Court erred in various rulings on the admissibility of evidence and in its instructions to the jury, (2) the verdict was against the weight of the evidence, and (3) the jurors were guilty of misconduct in reading newspaper accounts of the trial and discussing the case prior to its final submission to them.

Plaintiff contends that it was error not to allow the introduction into evidence of the proof of prior and subsequent accidents. In order for such proof to be admissible, the relevant conditions must be shown to have been similar to the conditions which existed at the time of the accident in issue *(Hyde v County of Rensselaer,* 51 NY2d 927, 929; *Rittenhouse v State of New York,* 134 AD2d 774, 776; *Tomassi v Town of Union,* 58 AD2d 670, 671, *mod on other grounds* 46 NY2d 91). Moreover, subsequent accidents occurring under similar conditions may be probative of whether a dangerous condition existed, but cannot be used to show notice of a dangerous condition *(Klatz v Armor Elevator Co.,* 93 AD2d 633, 638; *Galieta v Young Men's Christian Assn.,* 32 AD2d 711, 712). Here, there was no foundation laid for the questions propounded on these issues. Additionally, other objections to questions on these and related issues by defendant were properly sustained as too broad in nature or unrelated to the area of the accident scene. Nor do we find any prejudice to plaintiff resulting from the reference to the issuance of a traffic ticket after the accident in question or the testimony concerning a windshield found in the area of the accident in 1984. The testimony concerning the windshield was admissible; it was for the jury to determine what weight it should be given.

Equally without merit are other arguments of plaintiff addressed to the rulings of Supreme Court on direct and cross-examinations of expert and lay witnesses. During the course of this vigorously litigated five-week trial, every issue of causation was disputed and the respective opinions of expert witnesses were in sharp disagreement. The rulings of the experienced Trial Justice, many of which were made after hearing arguments by counsel in chambers, were entirely proper and there is no showing of any prejudice to plaintiff by any of these rulings.

Plaintiff also contends that Supreme Court erred in its charge to the jury in a number of respects, including a failure to set forth a proper description of the duty to comply with published standards for maintenance of shoulders along highways. This record does not demonstrate any standard applicable to the route in question other than that of reasonable care as charged by the court *(see, Bottalico v State of New York,* 59 NY2d 302, 305). The charge was correct on that issue as well as the issue of foreseeability *(see, De Salvo v Stanley-Mark-Strand Corp.,* 281 NY 333). The jury was, therefore, properly instructed.

We must also reject plaintiff's contention that the verdict was against the weight of the evidence. In order for plaintiff to succeed with this argument, it must appear that the verdict cannot be supported by any fair interpretation of the evidence *(Hoynacki v Cummings,* 127 AD2d 941, 942). As indicated, the issues were in sharp dispute, many of which resulted from varying opinions of expert witnesses. In determining disputed factual issues, the jury chose defendant's version as more credible or concluded that plaintiff did not sustain his burden of proof *(see, Cangilos v Schermerhorn,* 41 AD2d 780, 781). Viewing the evidence in the light most favorable to defendant, as we must, we cannot say that the evidence so preponderates in plaintiff's favor that the jury could not have reached its verdict by any fair interpretation of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499).

Finally, the procedure followed by Supreme Court after learning of the exposure of the jury to newspaper articles convinces us there was no substantial risk that the jury could not render a fair and impartial verdict. Each juror was interviewed individually by the court and a transcript of that interview was made available to counsel. We perceive no reason to conclude that the jurors were adversely influenced by the articles to which they were exposed *(see, Alford v Sventek,* 53 NY2d 743).

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Harvey and Mercure, JJ., concur.