■ GERMAINE BROOKS, Appellant, v SOUTHAMPTON HOSPITAL et al., Respondents. [606 NYS2d 675] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered February 3, 1993, insofar as it denied certain aspects of plaintiff's motion for discovery, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of directing defendant Dr. White to produce the original document containing his office notes for inspection at the office of plaintiff's forensic expert, and otherwise affirmed, with costs.

No undue burden would be imposed on defendant White in producing the office notes at the expert's office instead of the office of White's counsel. It is not disputed that the document is only 2 pages and that the expert's office is located only a few blocks from White's counsel's office. Moreover, the expert's assertion of the necessity of using non-transportable testing equipment in his office has not been refuted.

The trial court properly denied discovery of any rules subsequently established by defendant Southampton Hospital concerning the transmission of laboratory test results to physicians who attended discharged patients, in light of the uncontroverted contention of the hospital that no such rules existed at the time of her ordeal but that the hospital maintained a

computerized telephonic system that made test results available to doctors as soon as they were known. Moreover, to the extent that plaintiff seeks hospital rules and regulations as evidence of a subsequent "repair" of a "defective" condition, such evidence is not discoverable in a negligence case *(Klatz v Armor El. Co.,* 93 AD2d 633, 637). Concur—Carro, J. P., Ellerin, Asch and Nardelli, JJ.