OPINION OF THE COURT
Donald N. Silverman, J.
Motion by defendant to renew and reargue a decision issued by this court from the Bench which granted plaintiffs’ request for postaccident inspection, maintenance and repair records; and upon granting reargument to deny discovery of those items.
*33 The motion to permit reargument is granted. This court’s prior decision was at a general discovery conference and counsel could not be expected at that time to have relevant controlling case law at hand. Given this circumstance, the court indicated its willingness to grant an application to reargue upon written submission.
This case involves a claim by plaintiff that she was injured while riding an escalator at Bradlee’s Department Store which abruptly stopped or changed speeds. Plaintiff claims in her bill of particulars that the escalator was unsafe, dangerous and hazardous and that defendant had actual and/or constructive notice of same. As might be expected in a case of this kind, plaintiff has deferred in setting forth particular defects in the escalator until such time discovery has been accomplished. By necessity, she has sought to obtain maintenance and repair records relating to the escalator. Defendant does not object to discovery of records kept prior to the accident, but does object to records of repair and maintenance following the accident. Plaintiff does not seek to use evidence of subsequent repairs at trial, but does wish to discover records relating to subsequent maintenance and repairs to ascertain whether such records may reflect on the condition of the escalator at the time of the accident.
It was this court’s opinion at the time of the initial discovery conference that while evidence of subsequent repairs are not admissible at trial, discovery of these records should not be precluded since they might shed light on the conditions complained of at the time of the accident. After review of the cases submitted by defendant, the court’s opinion remains unchanged.
With good reason defendant principally relies on Klatz v Armor El. Co. (93 AD2d 633 [2d Dept 1983]). That decision deals with an elevator accident and discovery of postaccident repair records. It is stated therein (at 637) that: "The cases are legion in holding that evidence of subsequent repairs is not discoverable or admissible in a negligence case (Corcoran v Village of Peekskill, 108 NY 151; Getty v Town of Hamlin, 127 NY 636, supra; Clapper v Town of Waterford, 131 NY 382; Cahill v Kleinberg, 233 NY 255; Scudero v Campbell, 288 NY 328; Croff v Kearns, 29 AD2d 703, affd 22 NY2d 718, supra; Barone v 111 East 39th St. Corp., 38 AD2d 797; Carollo v Rose, 43 AD2d 831).”
There are other cases cited by defendant which rely on Klatz v Armor El. Co. (supra) as precedent. There is a problem with *34 the Klatz decision: none of the many cases it cites as prohibiting discovery of postaccident records even touch on discovery as an issue. As there is nothing in the Klatz decision which suggests an intent to set new precedent, one can only assume that the Court mistakenly coupled principles concerning discovery and admissibility.
There is no question that postaccident repairs are not admissible except under limited circumstances not found in this case. While as a general proposition discovery should not be permitted of information not admissible at trial, if as in this case records of postaccident repairs can shed light on the condition of equipment or machinery at the time of an accident, there is no reason why that information should be cloaked in secrecy. The information may very well be admissible so long as it is introduced in a way that does not reveal the fact that a repair was made.
In this case defendant contends that there was no defect, and that in fact no repair was made. Given this contention there is even less reason to preclude discovery of postaccident repair or maintenance records. If in fact there was a defect in the escalator machinery, it would be near impossible to prove without information concerning its condition following the alleged accident. For all these reasons, upon reargument, defendant’s motion is denied. Plaintiff, however, shall be limited in her discovery to records of defendant’s first postaccident inspection, maintenance or repair.